A. W. CLODFELTER et al., Appellants,

v.

David Earl MARTIN et al., Appellees.

No. 1220.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 29, 1977.

Jack E. A. White, North, White & Blackmon, Corpus Christi, for appellants.

B. Mills Latham, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from an automobile-pedestrian collision case in which a take nothing judgment was rendered based on jury findings. A. W. Clodfelter and Terry Wayne Clodfelter brought suit against David Earl Martin and Guy E. Martin and alleged, among other things, that: on December 1, 1973, at approximately 12:40 a. m., the vehicle driven by David struck Terry while he was standing on the shoulder of Leopard Street near its intersection with Hart Road; David's automobile then proceeded forward into the vehicle belonging to A. W. which was parked at the time with its lights on; and David was negligent in several respects which negligence proximately caused bodily injury to Terry and property damage to A. W.'s vehicle.

The jury answered all negligence issues about David's conduct favorably to the defendants. On the other hand, the jury answered several contributory negligence issues about Terry's conduct unfavorably to the plaintiffs. The total amount answered as damages suffered by the plaintiffs was $19,382.37. Plaintiffs' appeal from the trial court's take nothing judgment. We affirm.

Appellants have brought forward two points of error. In their first point they attack the jury's finding in response to special issue no. 1 as being so against the overwhelming weight and preponderance of the evidence as to be clearly wrong and

unjust. This issue inquired whether David Martin failed to keep such a lookout as a person using ordinary care would have kept. The jury answered "We do not." In considering this factual insufficiency point we shall examine the whole record to determine whether the evidence supports the jury finding. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

In that the jury in the present case answered the issue complained of in the negative, some of the other principles we will be considering during our discussion of appellants' points follow. The mere fact that we might have reached a different conclusion on the facts does not authorize us to substitute our judgment for that of the jury. *Dallas Ry. & Terminal Co. v. Farnsworth,* 148 Tex. 584, 227 S.W.2d 1017 (1950). It is within the jury's province to judge the credibility of the witnesses and the weight to be given their testimony, and to resolve conflicts and inconsistencies in testimony of any one witness as well as testimony of different witnesses. Further it is within the jury's province to believe one witness and disbelieve another, or to believe part of the testimony of a witness and disbelieve any other part. *Scott v. Gibson Oil Company,* 471 S.W.2d 924 (Tex. Civ.App.—Tyler 1971, no writ). Ordinarily, proper lookout in an automobile negligence case is a question for the jury. *Arrington v. Paschall,* 352 S.W.2d 866 (Tex.Civ.App.— Dallas 1962, writ ref'd n. r. e.).

As we have noted, the jury is the trier of the facts and as such is in a better position to judge these issues than are we. The jury in this instance answered the negligence (lookout) issue for the appellees. From the facts in this case we conclude that the jury finding attacked by appellants merely indicates that the appellants have failed to carry their burden of proving the alleged act of negligence. *Stafford v. Hardi,* 464 S.W.2d 958 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.). And the jury's failure to find those facts (of negligence) vital to the appellants' recovery need not be supported by affirmative evidence; that is, defendants need not prove lack of negli-

gence. *Traylor v. Goulding,* 497 S.W.2d 944 (Tex.Sup.1973). We hold therefore that the finding complained of is not so against the great weight and preponderance of the evidence as to be manifestly wrong.

In support of their position the appellants have directed our attention to certain testimony of the appellee, David Martin. They argue that the testimony of David shows that he was not keeping a lookout immediately prior to the collision and that it is undisputed that he would have seen Terry long before he actually did, if he had been looking ahead. Some of the typical testimony called to our attention is as follows:

"Q. All right. As you approached the scene of the collision would you tell what happened?

A. I was driving in the right hand side of the lane on the right hand lane over close—

Q. You were driving in the right hand lane?

A. In the right hand lane of our two lanes close to the shoulder. We had crested the hill. I looked over at Ronald (a passenger) and started saying something to him, asked him how he was, and I glanced up, I glanced at my speedometer to see how fast I was going and glanced up, the only thing that I could see was Terry standing in the road, you know, I had drove on that strip ten thousand times since I have lived there. I just don't expect somebody to be in the middle of the road at twelve-thirty at night."

\* \* \* \* \* \*

"Q. You say the first thing that you saw was him standing there in front of you?

A. Yes, sir.

\* \* \* \* \* \*

"Q. Was there anything to disturb the visibility? Was it clear visibility?

A. Yes, sir.

Q. Was there anything in between your car and Terry or Terry's car after you came over the hill that would obstruct your vision?

A. Nothing, except for the fact that I have traveled it so many times and there is a ditch. That's what that is a ditch right there, you know, I'm so use to it.

Q. Let me get this straight. You said that when you came over the hill— how far away is that hill?

A. I don't have any idea.

Q. You mentioned it one time a thousand feet, but you don't really know?

A. No, sir. I have never gone out and measured it.

Q. Pretty good distance though, isn't it?

A. Yes, sir.

Q. If you recall your testimony, you stated as you came over the hill you turned to talk to Ronald, you looked over at your speedometer?

A. Yes, sir.

Q. How fast were you going?

A. Around 45 miles per hour.

Q. You talked to him and looked at your speedometer, and there Terry was right in front of you?

A. Yes sir.

Q. That is the reason that you didn't see him before hand, because you were looking out to the side?

A. And the fact that I might have glanced up before I looked down at Ronald."

 The fact, along with all the surrounding circumstances, that David glanced at his speedometer and his passenger before the collision does not compel a finding by the jury of improper lookout on the part of David. See *Roth v. Brillhart*, 512 S.W.2d 57, 60 (Tex.Civ.App.—Amarillo 1974, no writ). Appellants' first point is overruled.

 In their second point, appellants complain of the refusal of the trial court to define the term "roadway" with respect to special issue no. 12. This issue inquired about that conduct of Terry. Appellants argue that the trial court should have used the statutory definition set out in Tex.Rev. Civ.Stat.Ann. art. 6701d, § 13(c) (1977), which is as follows:

"(c) Roadway. That portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of the berm or shoulder. In the event a highway includes two or more separate roadways the term 'roadway' as used herein shall refer to any such roadway separately but not to all such roadways collectively."

And the appellants further complain of the action of the trial court in later instructing the jury, over plaintiff's objection, that the "paved portion includes the shoulder." We can find no error in the charge as given or the instruction.

It is clear that this contributory negligence question was a submission of negligence based upon common law rather than negligence per se and that the issue was clearly not based on an alleged violation of any section of Article 6701d. Appellees' contention was that a person of ordinary prudence would not have stood on either the road itself or the paved shoulder under the facts presented. Appellants' second point is overruled.

Judgment of the trial court is affirmed.