**John T. COMPTON, Appellant,**

v.

**Joseph POLONSKI, Appellee.**

**No. 1319.**

Court of Civil Appeals of Texas, Corpus Christi.

May 24, 1978.

Kirk L. James, Rankin & Kern, McAllen, for appellant.

James Roby Clopton, McAllen, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit brought by plaintiff, John T. Compton, to recover money due him under three "grove care" contracts for certain materials furnished and services rendered by Compton in caring for three orchards owned by defendant, Joseph Polonski. The defendant owner filed a cross action seeking recovery for money due him pursuant to a marketing agreement between the parties, and for breach of the "grove care" contract.

The dispute between the parties concerns three written "grove care" contracts and a written "marketing" contract whereby plaintiff agreed to care for defendant's three orchards and to market the fruit production. Under the terms of the "grove care" contracts, the owner was obligated to pay the plaintiff a flat monthly rate per acre plus the cost of water used for irrigation, materials furnished (e. g., fertilizer, seed, etc.) and planting charges. Each contract contained the following provision relating to plaintiff's obligation to provide "grove care":

"The term 'care' as used herein obligates [the grove caretaker] to do, or cause to be done, all things pertaining to the care of the orchard which [the *grove carekeeper*] *believes to be necessary and to the best interest of the orchard and of [the orchard owner]*, including all cultivation of the orchard, banking and removing the same from small trees where banking is deemed advisable, irrigation, spraying, fertilizing, etc. [The grove caretaker] is to use his *own best judgment* as to when the trees require irrigation, cultivation and spraying. Should major pruning be necessary, it will be done when ordered by owner and at an agreed price.

[The grove caretaker] shall be liable to [the owner], . . . for any loss, injury or damage sustained on account of his acts or omissions, or that of his agents' amounting to *negligence*. The grove caretaker [does not assume responsibility for loss, injury or damage] caused by acts of God or the negligence of other individuals than himself or his agents]." (Emphasis added).

\*　　\*　　\*　　\*　　\*　　\*

Each month plaintiff submitted to defendant owner detailed invoices containing the dates and an itemized list of the work performed and the materials furnished on each orchard under each contract. These invoices listed all services rendered which were covered by the flat monthly charge as well as services for which there were additional charges. At the time the defendant terminated the last grove care contract, plaintiff's invoices reflected an outstanding unpaid balance of $1,986.66.

The "marketing" contract between the parties pertained to the sale of fruit produced in defendant's three orchards. Under the terms of this agreement, plaintiff was obligated to use his best efforts to market the fruit, to obtain "the best results for owner" and to "render an accurate accounting therefor". For this service, plaintiff received three and one-half per cent of the gross sales receipts. The contract also provided that plaintiff would be liable to the defendant for lost or damaged fruit caused by plaintiff's negligence. The record indicates that generally the proceeds from the sale of fruit were paid directly to the defendant owner. Occasionally, such proceeds were offset as a credit against the outstanding balance due under the "grove care" contracts.

Defendant's cross action contained, among other things, allegations that the plaintiff had failed to render an accurate accounting of the sale of fruit from a certain lot that had been erroneously credited to another orchard owner during the year 1976. The remainder of defendant owner's cross action concerned specific alleged negligent acts in performing the grove care services.

The plaintiff brings forward seventeen points of error attacking the trial court's judgment relating to defendant's cross ac-

tion. The defendant did not appeal the trial court's judgment in favor of the plaintiff. Plaintiff's first three points of error complain of the jury's answer to special issue No. 12. In point of error one, plaintiff contends that the trial court erred in entering judgment for the defendant because the answers to special issue No. 12 and special issue No. 3 are in irreconcilable conflict. Plaintiff attacks the jury's findings in special issue No. 12 on legal (Point # 2) and factual (Point # 3) insufficiency points.

In response to special issues, the jury, in relevant part found for the plaintiff: No. 3) that "plaintiff performed all conditions of the written agreement with Defendant"; No. 4) failed to find that all grove care performed by plaintiff was necessary and reasonable for the proper maintenance of the crop, and that all charges were reasonable; No. 5) that $1,412.50 was due and owing to plaintiff by defendant as the result of services plaintiff performed in compliance with the written agreement; No. 6) found that plaintiff employed a law firm and agreed to pay such firm a reasonable fee for this suit; and No. 7) found that $1,400.00 were reasonable attorney's fees.

The jury also found for the defendant owner: Nos. 8 & 9) that plaintiff failed to plant all of the Ruby Red trees for which he billed defendant resulting in damages to defendant of $95.00; Nos. 10 & 11) found that plaintiff "failed to properly account for his Grove Care" to defendant which resulted in $500.00 damages to defendant; Nos. 12 & 13) found that plaintiff "failed to properly care for the groves" of defendant which damaged defendant by $1,400.00. (We question this later jury finding at the end of the opinion). In accordance with answers to these special issues, the trial court entered judgment in favor of plaintiff for $2,812.50 representing the balance due and owing under the contract plus attorney's fees and judgment in favor of the defendant for $1,995.00 representing damages the jury found on defendant's cross action for a net judgment for the plaintiff of $817.50.

In special issue No. 3 above, the jury found that the plaintiff performed all of the conditions of the written agreement with defendant. In special issue No. 12 the jury found that plaintiff failed to properly care for the groves of defendant. Plaintiff argues that the jury's answer to special issue No. 3 necessarily encompasses a finding that plaintiff did properly care for defendant's fruit groves (the opposite of the jury's finding in issue No. 12) because the contractual condition above quoted which defines the term "care", in essence, obligated the plaintiff to perform the grove care services in a proper manner.

A conflicting jury finding will not prevent the rendition of judgment and require a mistrial unless the findings, considered separately and taken as true, would compel the rendition of different judgments. *Texas & Pacific Railway Company v. Snider*, 159 Tex. 380, 321 S.W.2d 280, 282 (1959). The apparent conflicting answers must be such that one answer would establish a cause of action or defense while the other would destroy it. The test is whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, a judgment should be entered in favor of the defendant. To apply this test, the courts consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer, but taking into consideration all the rest of the verdict, and if, so considered, one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 991 (1949); *Missouri Pacific Railroad Company v. Tide LPG, Inc.*, 462 S.W.2d 106, 109 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.).

The major difficulty presented in this case is the vague and confusing form in which the special issues were submitted to the jury. Although some objections to the special issues were submitted to the trial court, these objections have not been raised on appeal and are therefore waived. Rule 279, Texas Rules of Civil Procedure.

■ Plaintiff's unsworn petition, in effect, stated a cause of action on an unsworn open account for money due under a written service contract. The portion of defendant's cross action relating to special issue No. 12 alleged in effect that plaintiff, in contravention of the "grove care" contract, had performed specified services in a negligent manner thereby causing compensable damage to his orchard. The "grove care" contract, upon which plaintiff relied to support his cause of action, provided that plaintiff would not be liable to defendant for any damage defendant sustained on account of plaintiff's acts or omissions unless such acts or omissions amounted to negligence. The alleged negligent conduct of plaintiff is a proper subject of defendant's cross action because it is connected with plaintiff's suit for the balance due under the "grove care" contract. Rule 97(g), Texas Rules of Civil Procedure; cf. *Yelton v. Bird Lime & Cement Co.,* 161 S.W.2d 353 (Tex.Civ.App.—San Antonio 1942, err. ref'd w.o.m.). Plaintiff's cause of action, to which special issue No. 3 is pertinent, and defendant's cross action, to which special issue No. 12 is pertinent are not inherently mutually exclusive. It is conceivable that in a proper case supported by sufficient pleadings, evidence and special issues, that a judgment could properly be rendered in favor of a plaintiff seeking recovery for the balance due under a written contract for services performed and materials supplied and, at the same time, a judgment entered in favor of a defendant who has filed a cross action seeking recovery for damages caused by the negligent performance of such services rendered. But this did not happen here.

■ It is apparent, considering the definition of the term "care" contained in the written "grove care" contract which was admitted into evidence and properly before the jury, that the effect of the jury's answer to special issue No. 3 was that the plaintiff had performed *all* of the grove care services which he believed, in his own best judgment, to be necessary and in the best interest of the orchard and its owner. As a general rule, a party to a contract owes a common-law duty to perform with care, skill, reasonable expedience and faithfulness, the thing agreed to be done, and a negligent failure to observe such duty is a "tort", as well as a breach of the contract. *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508, 510 (1947).

Here, the parties agreed that the plaintiff would not be liable for damages caused by his grove care service unless his acts or omissions constituted negligent conduct. The jury, in answering special issue No. 3, found that the plaintiff had performed *all* of the conditions of his grove care contract including that of providing grove care which was in the best interest of the orchard and of its owner. In considering the charge as a whole, the jury's finding in special issue no. 3 establishes plaintiff's right to seek recovery for the invoiced sums under the "grove care" contract because he provided materials and services for grove care as specified in the contract. This finding also negates actionable negligence on the part of the plaintiff and, when considered alone, would warrant a judgment for recovery of the amounts due under the contract in favor of plaintiff.

In special issue No. 12, the jury found that the plaintiff "failed to properly care for the groves" of the defendant. The jury, in effect, found that the plaintiff failed to perform all of the conditions of the "grove care" contract because he failed to provide proper grove care. This finding, therefore, conflicts with the jury's answer to special issue No. 3 and tends to defeat plaintiff's right to recover under the contract. In addition, the jury's answer to special issue No. 12 tends to establish that the defendant provided negligent grove care. It should be noted that special issue No. 12 does not ask the jury to find whether the defendant committed the specific acts or omissions alleged in defendant's cross action or whether these acts or omissions, if committed, constituted negligence on the part of the plaintiff in providing grove care. The jury, however, found a general course of action or omissions by the plaintiff which failed to comply with the standard of "proper" grove care. Keeping in mind that omitted issues will be deemed to be found in support of the trial court's judgment, if

they are supported by any evidence, the jury's answer to special issue No. 12, when considered as such, would warrant a judgment in favor of defendant for damages resulting from plaintiff's negligent grove care.

We conclude therefore that the jury's answers to special issue No. 3 and special issue No. 12 are in fatal conflict. As they are worded, these special issues concern the same subject matter and are stated in such general terms that they cannot be reconciled under the familiar general rule that specific findings control over general or ambiguous findings. *Barclay v. C. C. Pitts Sand and Gravel Company,* 387 S.W.2d 644, 647 (Tex.Sup.1965); *Sproles v. Rosen,* 126 Tex. 51, 84 S.W.2d 1001, 1003 (Tex.Comm'n App.1935); *Wilkinson v. Southern Farm Supply Association,* 409 S.W.2d 435, 439 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.); *First Nat. Bank of McGregor v. Collins,* 266 S.W.2d 506, 515 (Tex.Civ.App.—Austin 1954, writ ref'd n.r. e.).

Defendant's only response to plaintiff's irreconcilable conflict point is that plaintiff waived this complaint by failing to urge it in his motion for new trial. This is not so. Contrary to defendant's argument, plaintiff's motion for new trial contained two assignments of error (Nos. 37 & 38) complaining of a conflict between the jury's answers to special issue No. 3 and special issue No. 12. This case was tried prior to the effective date of the amendment to Rule 324, Texas Rules of Civil Procedure, pertaining to motions for new trial. Pursuant to this rule, with certain exceptions not applicable to this case, plaintiff was required to assign as error in his motion for new trial, the entry of judgment on conflicting jury findings. *St. Louis Southwestern Railway Company v. Duke,* 424 S.W.2d 896, 898 (Tex.Sup.1967); *St. Paul Fire & Marine Insurance Company v. Murphree,* 163 Tex. 534, 357 S.W.2d 744 (Tex.Sup. 1962). This the plaintiff did. Defendant does not attack the sufficiency of the as-

signments of error in plaintiff's motion for new trial and we find they are sufficient to direct the trial court's attention to the plaintiff's complaint.

The defendant does not present a counterpoint to show how these answers can be reasonably reconciled.

As a further reason to reverse the judgment of the trial court, the plaintiff presents legal and factual sufficiency points directed toward the jury's answer to special issue No. 12. A no evidence point of error is a question of law, and in considering the question, it is the duty of this Court to first view the evidence in its most favorable light, considering only the evidence and reasonable inferences drawn therefrom in support of the judgment and to disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.Sup. 1965); *Transport Insurance Company v. Mabra,* 487 S.W.2d 704 (Tex.Sup.1972). In deciding the factual sufficiency point, this Court is required to consider all of the evidence and to set aside the verdict and remand the cause for a new trial if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). We have carefully reviewed all of the evidence in accordance with the above stated rules. We find that the jury's answer to special issue No. 12 is so against the great weight and preponderance of the evidence so as to be manifestly unjust. Appellant's first and third points are sustained. The no evidence point ( # 2 ) is overruled.

The damage issue, special issue No. 13, was undoubtedly intended to be conditionally submitted upon a favorable answer to special issue No. 12. However, this special issue [1] was conditionally submitted upon a favorable answer to special issue No. 6. In special issue No. 6, the jury found that plaintiff had hired attorneys to prosecute his action against defendant and in special issue No. 7, the jury found reasona-

---

1. Special issue No. 13 provided as follows: "If your answer to Special Issue No. 6 is 'yes' what damages do you find Joseph Polonski suffered, if any?

We, the jury, answer: $1,400.00."

ble attorneys' fees to be $1,400.00. It is evident to us that this particular form of submission caused the jury to find $1,400.00 damages in answer to special issue No. 13 the same amount as found to be reasonable attorney's fees. The court received and entered judgment on the verdict without noticing this error. Neither party noticed the error until it was time to submit briefs for this appeal. Plaintiff's irreconcilable conflict and factual insufficiency points of error warrant our reversal and remand of this case for a new trial. Since the causes of action of both parties involve such interrelated issues, we believe the causes of action cannot be severed without unfairness to the parties and that the entire case must be reversed and remanded in the interest of justice. Rule 434, Texas Rules of Civil Procedure, and see *Scott v. Liebman*, 404 S.W.2d 288, 294 (Tex.Sup.1966).

It is not necessary for us to consider the remaining points of error because of the disposition we make of this case.

The judgment of the trial court is RE-VERSED, and the cause is REMANDED for a new trial. The costs are adjudged one-half to appellant and one-half to appellee.

REVERSED AND REMANDED.