Joseph W. BITTER, Appellant,

v.

ASSOCIATED INDEMNITY CORPORATION, Appellee.

No. 1684.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 26, 1981.

Rehearing Denied March 19, 1981.

D. R. Stephenson, Lewis & Kelly, Victoria, for appellant.

O. F. Jones, III, Victoria, for appellee.

## OPINION

BISSETT, Justice.

This is a suit on an insurance policy brought by the insured, Joseph W. Bitter (plaintiff), against the insuring underwriter, Associated Indemnity Corporation (defendant). The insured, a licensed veterinarian, was denied coverage when a Brangus Bull and a Beefmaster Heifer died while in his custody. Suit was brought for a recovery of the benefits due under the policy, if coverage existed, or for a recovery of statutory treble damages under the Texas Deceptive Trade Practices Act, Tex.Bus. & Comm.Code Ann. § 17.41 *et seq.* (Supp.1980) for misrepresentation, if coverage did not exist. After a jury verdict in favor of plaintiff, wherein it was found 1) that each animal died from external causes; 2) that the "loss" which plaintiff "suffered" from the death of the bull amounted to $195.00; 3) that the "loss" which plaintiff "suffered" from the death of the heifer amounted to $115.00; and 4) that on the respective dates of death of the animals, the reasonable market value of the bull was $1,000.00, and the reasonable market value of the heifer was $450.00. However, a judgment non obstante veredicto was rendered that the insured take nothing. From this judgment, plaintiff has appealed.

Plaintiff maintains facilities for the practice of veterinary medicine in Jackson County, Texas. In 1972, he came into the market for malpractice insurance when his insurance carrier discontinued offering the type of coverage which he needed. He contacted defendant about malpractice coverage and a salesman called on him. They discussed a Professional Liability Insurance Policy to cover negligent acts during treatment of animals. In addition, the salesman discussed the coverage provided by a Professional Extension Policy.

Plaintiff, during the trial, stated:

"He was selling insurance and he told me he felt this was a policy [Professional Extension] I should have and he showed me the reasons why he thought I should have it and the reasons that were attractive, that it provided for coverage of animal death loss and let you maintain the good will of your clients."

Plaintiff then purchased coverage under both policies beginning on July 21, 1972. These policies were continued by plaintiff each year through 1977.

On February 14, 1973, plaintiff filed a claim with defendant for the death of a Hereford-Bramaha cow that was in his clinic for treatment. Defendant promptly paid the value of the cow to Wayne Page, apparently the owner of the animal.

The two animal deaths that are the subject of this suit occurred in April, 1976, and in January, 1977, respectively. The first incident involved a Beefmaster heifer which was brought in to be branded and dehorned. The second incident involved a Brangus bull brought in to have a fertility test performed. Both animals broke their necks attempting to escape from the containment pens. Plaintiff made claims to defendant in both cases under his Professional Extension Policy for the value of the animals. Defendant refused to pay either of them. Suit was then filed.

As his first theory of recovery, plaintiff asserts that defendant wrongfully declined to make payment under his Professional Extension Policy, which provided coverage for:

"All risks of direct physical loss of or damage to the insured property from any external cause, including death, destruction or injury to animals, except as hereinafter excluded."

■ To sustain the action of the trial court in granting the motion for judgment non obstante veredicto, we must determine that there is less than a scintilla of evidence upon which the jury could have made the findings against the appellee. In making this decision, "we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings." *Miller v. Bock Laundry Machine Co.*, 568 S.W.2d 648, 650 (Tex.Sup.1977).

■ To be determined first is whether there is at least a scintilla of evidence to support the jury finding that plaintiff, personally, suffered any monetary loss, as a bailee, from the deaths of the animals. Plaintiff testified at the trial that no one had made a claim against him, sued him, or asked him to repay any amount of money as a result of the death of either of the animals. In fact, both owners of the animals had paid their bills from plaintiff at the time of trial. Plaintiff presented evidence that he spent about eight hours of his time in disposing of the dead animals. No evidence, however, was presented which

showed that the charges for his time and services had been rendered uncollectible. The insurance policy, in pertinent part, provided coverage against:

"The monetary loss to the Insured of accrued but unpaid charges made by the Insured, when such charges are rendered uncollectible by reason of covered loss or damage to the Insured property."

Reviewing the evidence in the most favorable light to the jury findings, we find no evidence of any monetary loss by plaintiff caused by the death of the two animals. Plaintiff's first point is overruled.

■ We next consider whether there was a scintilla of evidence to support the jury findings 1) that defendant misrepresented the terms of the insurance policy in question, and 2) that defendant relied on such misrepresentations and was adversely affected thereby. The record discloses that defendant's salesman made several general statements to plaintiff with regard to the coverage under the policy. No specific representations were made, however, which promised that plaintiff would be able to recover under the policy without suffering a loss. In that respect, the policy provided:

"Loss, if any, at the option of this Company, to be adjusted with and paid to the Insured for the account of whom it may concern, or adjusted with and paid direct to the owners of such lost or damaged property."

This condition implies that defendant's liability is to pay the loss to either the claimant or the owner of the property. It does not contemplate a payment to the Insured for his own benefit.

Plaintiff insists that the payment by defendant in the Fall of 1973, of a similar claim made for the cow that died in his possession was, in essence, a misrepresentation that subsequent incidents of like nature would also be paid in full. Be that as it may, the 1973 claim shows on its face that it was apparently paid to Wayne Page, the owner of the cow. Nowhere does the record show that a payment was made to plaintiff for the loss of that animal, nor does the record justify an inference to that effect. No misrepresentation arises out of

the payment of the 1973 claim, since the owner, not plaintiff, was paid under the policy. Plaintiff's second point is overruled.

This case was submitted under substantially the same issues as in *Royal Globe Ins. Co. v. Bar Consultants*, 577 S.W.2d 688 (Tex.Sup.1979). Plaintiff contends that the finding of liability for a misrepresentation under the Texas Deceptive Trade Practices Act § 17.41 et seq. (Supp.1980) in *Royal Globe* requires a finding of liability in the case at bar. We disagree. In *Royal Globe*, the insured was told he had coverage under his insurance policy for vandalism, when such coverage was later denied. In the present case, defendant never told plaintiff that he was covered under the policy in question when no claim for damages was made by the owner of the animal. Also, in *Royal Globe*, the insured had suffered out of pocket damages in repairing the damage caused by the vandalism. In the present case, plaintiff has not suffered any out of pocket losses. The *Royal Globe* case is factually distinguishable from the case at bar, and therefore, does not control the disposition of the instant case.

We have carefully considered all other points or error raised by plaintiff in this appeal. They are overruled.

The judgment of the trial court is AFFIRMED.