**Michael P. WYSONG, Appellant,**

**v.**

**LITTLE CREEK HOTEL COURTS, INC., Appellee.**

**No. 1718.**

Court of Civil Appeals of Texas, Corpus Christi.

March 5, 1981.

Hobart Huson, Jr., Huson, Clark, Hook, Stephenson & O'Connor, Lloyd L. Oubre, San Antonio, for appellant.

Alfred W. Offer, San Antonio, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a take nothing judgment rendered in a personal injury suit brought by Michael P. Wysong, plaintiff, against Little Creek Hotel Courts, Inc., defendant for injuries suffered by plaintiff at defendant's hotel in Harlingen, Texas. In a trial to a jury, all issues were answered favorably to defendant.

Plaintiff first contends in this appeal that there was "no evidence" to support the jury findings. In the alternative, he asserts that the evidence was factually "insufficient" to support such findings.

In a case tried to a jury, when considering no evidence points, we can consider only the evidence and inferences tending to support the jury findings and must disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.Sup.1965). In reviewing factually insufficient evidence points, we must consider all the evidence, including any evidence contrary to the jury findings. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). See also, *Burnett v. Motyka*, 610 S.W.2d 735 (Tex.Sup.1980).

On January 31, 1977, plaintiff checked into the Little Creek Hotel at around 8:00 p. m. He was assigned room 40. Once inside the room, plaintiff turned the gas heater in the room to "high," removed most of his clothing, and laid down on one of the beds to do some paperwork. That is all that he remembered. About seventeen hours later, a maid for the hotel opened the door of room 40 and found plaintiff lying on a bed. She called the hotel manager, who caused plaintiff to be taken to the local hospital where he arrived in a comatose state. After extensive examination and testing by the doctors at the hospital, plaintiff was found to have suffered from carbon monoxide poisoning, presumably caused by the gas heater in room 40. Plaintiff's recovery required several weeks.

Several qualified witnesses testified concerning the reliability of the type of gas heater used in room 40 at the time in question. The heater was checked out by the local gas company shortly after the incident made the basis of this suit, and was found to be in perfect condition. All heaters in the hotel of the type in room 40 had been working properly and without any problem or trouble for about 30 years previous to the injury sustained by plaintiff.

The hotel manager testified that when he entered room 40, the heater was on "full blast" and the room was very hot. The hotel maid verified this testimony. Apparently, the gas heater had burned up the oxygen in the room by its continued use over seventeen hours. A reasonable infer-

ence from the testimony is that the cause of plaintiff's carbon monoxide poisoning was the use of the gas heater by plaintiff on a high setting over an extended period of time.

Plaintiff's own testimony showed that he had no memory of where he parked his car, whether there was a television in the room, or how many beds were in the room. In fact, plaintiff's testimony about the whole event was very vague. His recollection of the events which took place after checking in to the hotel was practically nil.

From the foregoing evidence, the jury found plaintiff's negligence to be a 100% cause of the accident. It found no negligence on the part of the hotel.

It is the province of the jury to resolve any contradictions or inconsistencies in the testimony and to judge the credibility of the witnesses and the weight to be given their testimony. *Johnson v. Buck*, 540 S.W.2d 393 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.). This Court may not pass upon the credibility of witnesses or substitute its findings for those of the trier of fact. *Burchfield v. Tanner*, 142 Tex. 404, 178 S.W.2d 681 (1944). With the preceding rules in mind, we hold that there was sufficient evidence to sustain the jury's findings. All of plaintiff's points of error regarding no evidence and the factual insufficiency of the evidence are overruled.

We have carefully considered the remaining points of error, and have found them to be without merit. They are overruled.

The judgment of the trial court is AFFIRMED.