Arnold J. JOHNSON, et ux., Appellant,

v.

KROGER, INC., Appellee.

No. 1832.

Court of Appeals of Texas, Corpus Christi.

Oct. 15, 1981.

Ronald B. Walker, Hartman, Lapham, Seerden & Walker, Victoria, for appellant.

David Smith, Anderson, Smith, Nell, Stofer & Smith, Victoria, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This is a slip and fall case, initiated by appellant alleging negligence on the part of appellee, its agents, servants and employees. Trial was to a jury which, in response to special issues found that beans and flour were on the floor in the aisle where appellant fell; that appellee knew or should have known of the presence of same; that appellee failed to remove same before appellant's accident; that such failure to remove was not negligence; that appellee did not fail to inspect the premises within a period of time as was reasonable and prudent under the circumstances; that appellant was not negligent; that appellant was injured as a result of his fall, and incurred damages.

Conditional special issues were submitted on proximate cause regarding appellee's failure to remove the substances, appellee's failure to inspect, and appellant's negligence. All were returned unanswered due to the jury's negative response to the three corresponding negligence issues. A take nothing judgment was rendered from which this appeal has been perfected. We affirm.

These points of error which bear scrutiny can be placed into two groups: those dealing with the findings regarding negligence, and those addressing the findings regarding proximate cause. They will be treated accordingly.

■ Concerning the negligence issues, appellant first contends that the jury's responses to the first three special issues, i. e., that there were foreign substances on the ground, that appellee knew or should have known of them, and that appellee failed to remove them established negligence as a matter of law. To support this contention, appellant cites this Court to the rule set out in *Helepeska v. Callhian Interest, Inc.*, 371 S.W.2d 368 (Tex.1963), to wit: the occupier of the premises has a duty "to protect his invitees from dangers of which he, the occupier, knows, or (because of his duty to inspect) of which he *should* know in the exercise of ordinary care." Id. at 378. It appears to be the position of appellant that appellee's knowledge (be it actual or imputed) of the existence of the substances on the floor, together with the failure to remove same, establishes a per se breach of this duty.

■ We are in complete agreement with appellant's definition of the duty owed him by appellee, but we cannot accept his position that a violation of that duty was adequately shown. As noted by this Court in the past in *H.E.B. Foods, Inc. v. Moore*, 599 S.W.2d 126 (Tex.Civ.App.—Corpus Christi 1980, no writ):

"In the classic slip-and-fall case, such as the one that is before us, the plaintiff must establish that: (1) The defendant

placed the substance on the floor; or (2) The defendant knew the substance was on the floor and willfully or negligently failed to remove it; or (3) The substance had been on the floor for such a period of time that it would have been discovered in the exercise of ordinary care."

See also *Furr's Inc. v. Sigila,* 608 S.W.2d 789, 790 (Tex.Civ.App.—El Paso, 1980, no writ); *O'Neal v. J. Weingarten, Inc.,* 328 S.W.2d 793, 794 (Tex.Civ.App.—Beaumont 1959, writ ref'd n.r.e.); *H. E. Butt Grocery Co. v. Johnson,* 226 S.W.2d 501, 502 (Tex. Civ.App.—San Antonio 1949, writ ref'd n.r. e.).

■ There was absolutely no evidence concerning how the beans got on the floor, so appellant is foreclosed from recovering under the first test.

The jury was instructed that before a finding of negligence against appellee could be reached, they "must believe from a preponderance of the evidence that any foreign substance (substances) had been upon the floor of the aisle for such a period of time that it (they) would have been discovered AND removed by the defendant, had the defendant exercised ordinary care." Appellant made no objection to this instruction. He has waived any objection he may have had. T.R.C.P. 274. The jury, in accordance with his instruction, specifically found that appellee was not negligent in failing to remove the substance before appellant's fall. Appellant has failed to meet the second test for recovery.

Finally, the jury found, in response to Special Issue Number 6, that appellee did not fail to inspect the premises within a reasonable period of time. Such a finding precludes a recovery under the third test. Having found that the factual findings of the jury have closed the assorted routes to recovery to appellant, we overrule this point of error.

■ Appellant also asserts that the jury's finding that appellee's failure to remove the substance from the floor was not negligent is against the great weight and preponderance of the evidence. The testimony of the appellant and his wife establish the time of the accident as approximately 11:30 a. m. The only evidence concerning the condition of the floor prior to that time came from the store employees who stated that the floor was probably swept at about 11:00 a. m. Additionally, testimony was admitted of two employees who had been working on the aisle where the accident occurred within fifteen minutes of the time of the fall, and who had seen no beans or flour on the floor. This testimony was wholly uncontroverted. It was within the province of the jury to judge the credibility of these witnesses and the weight to be given their testimony, and this Court will not substitute its findings for those of the trier of fact. E. g., *Jim Walter Homes, Inc., v. Castillo,* 616 S.W.2d 630, 634 (Tex.Civ.App.—Corpus Christi, 1981, reh. den., no writ); *Wysong v. Little Creek Hotel Courts, Inc.,* 614 S.W.2d 852, 854 (Tex.Civ.App.—Corpus Christi 1981, no writ). This point of error is overruled.

■ Appellant's final point of error concerning the negligence findings is that the answers to the issues regarding appellee's knowledge of the existence of the substances on the floor, and its failure to remove them, are in fatal conflict with the finding that such was not negligent. We disagree. In order to be in fatal conflict, the findings in question, if considered separately and taken as true, must be such as would compel rendition of different judgments. *Texas & Pacific Ry. Co. v. Snider,* 159 Tex. 380, 321 S.W.2d 280, 282 (Tex. 1959); *Compton v. Polonski,* 567 S.W.2d 835, 838 (Tex.Civ.App.—Corpus Christi 1978, no writ). The apparently conflicting answers must be such that one answer would establish a cause of action or defense, the other destroy it. *Compton v. Polonski,* supra. Appellant concedes that the finding of no negligence destroys his cause of action. However, he contends that if the finding is ignored and the other two findings at issue are treated separately, the rendition of a different judgment would be mandated. This argument appears to be predicated upon appellant's contention, already discussed, that these findings establish negligence as a matter of law. Having

already disposed of that contention, we overrule appellant's second point of error.

The remainder of appellant's points of error concern the jury's findings regarding proximate cause. In his pleadings, appellant alleged negligence. That is the theory upon which the case was tried. We know of no case tried on that theory in which a finding of proximate cause can be sustained absent a preliminary finding of negligence. That not being the case here, appellant's remaining points of error are overruled, and the judgment of the district court is AFFIRMED.