John Felix **GENZER**, Jr., et al, Appellants,

v.

The **CITY OF MISSION**, Texas, et al, Appellees.

No. 13–82–015.

Court of Appeals of Texas, Corpus Christi.

May 26, 1983.

Rehearing Denied Aug. 31, 1983.

Second Rehearing Denied Oct. 6, 1983.

**118**

Larry Watts, Houston, Broadus A. Spivey, and Paul E. Knisely, Austin, for appellants.

B. Buck Pettitt, John E. Lewis, Ronald B. Layer, McAllen, Gordon L. Briscoe, Harlingen, F. Van Huseman, Corpus Christi, David Hockema, McAllen, for appellees.

Before BISSETT, YOUNG and KENNEDY, JJ.

OPINION

YOUNG, Justice.

This is a personal injury case. Appellants brought suit against the appellees and other defendants not involved in this appeal, for personal injuries resulting from the explosion of a firework during a fireworks display on July 4, 1973.

On July 4, 1973, appellants John Genzer, Sr. and wife, Audrey Genzer, John Genzer, Jr. and wife, Mary, and their twin daughters, Melissa and Jennifer, went to a field, owned by the City of Mission, adjacent to the Catholic War Veterans Post in Mission, Texas to observe a fireworks display. They were directed to a designated parking area by members of the Mission Volunteer Fire Department and Mission Police Department. The family was traveling in two vehicles and, upon arrival, consolidated into a pickup truck owned by John Genzer, Sr. They were joined in the pickup by appellant Javier Sanchez. Toward the end of the display, one of the fireworks exploded near the rear end of the bed of the pickup. As a result of the explosion, all of the appellants suffered various physical injuries, and Melissa Genzer died approximately three and one half hours after the explosion as a result of injuries received from the explosion.

Originally, four separate causes of action were brought by these appellants. These actions were Cause No. A–12,561, *John F. Genzer, Jr., et al vs. Alamo Fireworks, Inc., et al,* in the 92nd Judicial District Court; Cause No. C–12,863, *John F. Genzer, Sr. and Audrey Genzer vs. Alamo Fireworks, Inc., et al;* Cause No. C–12,939, *Mary Genzer Pape, et al vs. Alamo Fireworks, Inc., et al;* C–12,685, *Javier Juan Sanchez, a minor, et al vs. Alamo Fireworks, Inc.,* all in the 139th Judicial District Court. These actions were consolidated prior to trial. Appellants alleged causes of action for negligence against the Catholic War Veterans who sponsored the display and appellee, City of Mission who allegedly was responsible for the display. Additionally, the appellants alleged causes of action for products liability against ap-

pellee Hosoya Fireworks Company Ltd., the alleged manufacturer of the fireworks, and against Alamo Fireworks, Inc., the distributor of the fireworks. Defendants Catholic War Veterans and Alamo Fireworks, Inc. both settled with appellants and are not parties to this appeal.

Trial was to a jury who, in response to the special issues, found a total of $528,-912.75 in damages for the various appellants. The jury found that the negligent acts of the appellee City of Mission was each a proximate cause of the appellants' injuries. The jury rejected the issues concerning the strict liability of appellee Hosoya and refused to find that Hosoya was the manufacturer of the defective firework.

In response to the appropriate motions, the trial judge granted a judgment n.o.v. for appellee City of Mission and a mistrial as to appellant Jennifer Genzer. Based on the fact that defendant Alamo had entered into a "Mary Carter" settlement with appellants, the action of the trial court in granting the City of Mission's motion for judgment n.o.v., coupled with the jury's finding absolving defendant/appellee Hosoya of liability, effectively limited the appellants' recovery to their settlement with defendants Alamo and the Catholic War Veterans.

In their first three points of error, appellants complain of the trial court's action in granting the motion for judgment n.o.v. of appellee City of Mission. These three points of error really present only one question for our consideration and that is whether the evidence is sufficient to sustain liability against the City of Mission under the provisions of Article 6252–19, TEX.REV.CIV.STAT.ANN. (Vernon Supp. 1982) entitled the Torts Claims Act.

■ To sustain the action of a trial court in granting a motion for judgment n.o.v. we must determine that there is no evidence to support the jury's findings. In making this decision we must "review the record in the light most favorable to the jury findings considering only the evidence and inferences which support them, and rejecting the evidence and inferences con-

trary to the findings." *Williams v. Bennett,* 610 S.W.2d 144 (Tex.1980); *Bitter v. Associated Indemnity Corp.,* 612 S.W.2d 715 (Tex.Civ.App.—Corpus Christi 1981, no writ).

Prior to the enactment of the Texas Torts Claims Act, a city was not liable for the negligent acts of its agents and employees in performing its governmental functions. A city was liable for unlimited damages, however, when negligently performing its proprietary functions. *Turvey v. The City of Houston,* 602 S.W.2d 517 (Tex. 1980); *Cronen v. Nix,* 611 S.W.2d 651 (Tex. Civ.App.—Houston [1st Dist.] 1980, no writ), cert. denied, 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 636, 1981.

The Texas Torts Claims Act expressly waives governmental immunity for all governmental units to the extent of the liability expressed in the Act. *Turvey,* supra. See GREENHILL and MUSTO, *Governmental Immunity,* 49 Tex.L.R. 462 (1970–1971). The Act expressly preserves a claimant's common law right to seek unlimited damages for the negligent acts of a municipality while it is engaging in a proprietary function. TEX.REV.CIV.STAT. ANN. Art. 6252–19, 18(a) (Vernon Supp. 1982). The waiver of immunity found in the Torts Claims Act is in three general areas: use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property. *City of Baytown v. Townsend,* 548 S.W.2d 935 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.).

■ The courts of this state long ago established guidelines for determining whether a particular activity is governmental or proprietary. *Garza v. Edinburg Consolidated Independent School District,* 576 S.W.2d 916 (Tex.Civ.App.—Corpus Christi 1979, no writ). Generally, activities carried on pursuant to the State's obligation to promote the general welfare of the public or which are voluntarily assumed for the benefit of the public are performed in a governmental capacity. Activities performed primarily for the benefit

of the inhabitants of the affected entity or agency are proprietary.

■ The first question we must resolve is whether the act of putting on the fireworks display was that of the City of Mission or, as is suggested by the City, merely the act of the Catholic War Veterans being consummated by various individual volunteers all of whom happen to be members of the Mission Volunteer Fire Department and Police Department. A review of the evidence clearly demonstrates that the act of putting on the fireworks display was that of the City of Mission. Although it is apparent that the majority of the individuals conducting the display were volunteer members of the Mission Volunteer Fire Department, it is equally apparent that the principals involved were paid members of the fire department acting in their official representative capacities. The record clearly shows that the entire project was under the supervision and on-site authority of City Fire Marshall P.H. King and City Fire Chief Ben Jackson, both of whom were paid employees of the City of Mission. The record also demonstrates that the control of the parking and spectators generally was exercised by on-duty members of the Mission Police Department.

Of particular significance is TEX.REV. CIV.STAT.ANN. Art. 9205 (Vernon Supp. 1982) which provides in Section 10 that the chief of the local fire department is to be responsible for investigating, approving and supervising fireworks displays. Plaintiffs' Exhibit 15, which is the application for the fireworks display in question, designates Chief Jackson as the supervisor and further describes him in his official, paid capacity as Fire Chief of the City of Mission. Clearly the act of putting on the fireworks display was committed by the City of Mission by and through its fire and police officials.

■ Having determined that the fireworks display was an act of the City of Mission, we must now address the question of whether this act was governmental or proprietary in nature. The appellee City argues that if the acts in question were those of the City, such acts were in the nature of fire and police protection which are exempt from liability under the Torts Claims Act, Section 14(9). We do not agree with the analysis. In *State v. Terrell*, 588 S.W.2d 784 (Tex.1979) it was determined that Section 14(9) of the Torts Claims Act exempts governments from liability for their decisions as how to provide police and fire protection, not from specific acts of negligence occurring while in the course and scope of employment. See *Forbus v. The City of Denton*, 595 S.W.2d 621 (Tex. Civ.App.—Fort Worth 1980, writ ref'd n.r. e.). Clearly, the Mission Police Department was performing its normal function of directing traffic and enforcing the traffic laws of the city. Based on the provisions of Article 9205, the Mission Volunteer Fire Department was also acting in its governmental function of protecting the city from fires resulting from the fireworks display. This function was in the form of total supervision of the display.

■ It is undisputed that the property on which the fireworks display was being held and on which the appellants were parked at the time of the accident belonged to the City of Mission. It is also undisputed that the land was being used with the knowledge and consent of the City of Mission. It is also undisputed that the City had notice of the appellants' claims. The record shows that a complete investigation of the accident was made by the Fire Department and by the State Fire Marshall's office immediately after the occurrence. The State Fire Marshall's report was not offered into evidence. The report of the Mission Fire Department was tendered to the City Manager, who requested that it be forwarded to the City Attorney. The only copy of the report itself was lost by the City Attorney. It is obvious, however, that the City had detailed notice of the appellants' injuries soon after the accident. See *City of Texarkana v. Nard*, 575 S.W.2d 648 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.). Therefore, all the facts necessary to establish liability on the part of the

City of Mission under the Torts Claims Act were established.

■ In response to the special issues, the jury found that the City of Mission was negligent in failing to keep the crowd at a safe distance from the fireworks mortars and in placing the mortars at an angle slanted toward the crowd. The jury also found these negligent acts was each a proximate cause of the appellants' injuries. In reviewing the record we find sufficient evidence to support these findings, and as previously discussed herein, we find that the City of Mission was engaged in a governmental function in conducting the fireworks display which subjects the City to liability for these negligent acts as found by the jury. Appellants' points of error one, two and three are sustained.

In point number three, appellant additionally asserts that the trial court also erred in granting the judgment n.o.v. and not awarding a mistrial against the City for appellant Jennifer Genzer. It is undisputed that the jury findings created an irreconcilable conflict as to appellant Jennifer Genzer, and the trial court did grant a mistrial as to defendant Alamo. Therefore, we hold that appellant Jennifer Genzer is also entitled to a new trial as to the City of Mission. See *Taylor v. Head,* 414 S.W.2d 542 (Tex.Civ.App.—Texarkana 1967, writ ref'd n.r.e.).

In their fourth point of error, the appellants complain of the findings of the jury that appellee Hosoya was not the manufacturer of the shell which caused the appellant Jennifer Genzer's injuries. It should be noted at this point that appellee Hosoya was not brought into this lawsuit until limitations had run against all of the appellants except for the minor, Jennifer Genzer. Specifically, appellant Jennifer Genzer complains that the jury finding is against the great weight and preponderance of the evidence. In reviewing a "against the great weight and preponderance of the evidence" question, we will follow the now familiar standard of review set out in *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965), and *In*

*re Kings Estate,* 150 Tex. 622, 244 S.W.2d 660 (1951).

■ We have carefully read the entire record in this case to review all the evidence concerning the question of the manufacturer of the offending fireworks. Without discussing the testimony and exhibits in detail, we find sufficient evidence to support the jury's response to Special Issue No. 1–A. We remind appellant of our decision in *Clodfelter v. Martin,* 562 S.W.2d 491 (Tex.Civ.App.—Corpus Christi 1977, no writ) that we are not authorized to substitute our judgment for that of the jury. Absent some showing of passion, bias or prejudice, which influenced the jury finding or a determination that the jury finding is manifestly wrong, we will not invade the province of the jury about the credibility of the witnesses. See *Jim Walters Homes, Inc. v. Castillo,* 616 S.W.2d 630 (Tex.Civ. App.—Corpus Christi 1981, no writ); *Wysong v. Little Creek Hotel Courts, Inc.,* 614 S.W.2d 852 (Tex.Civ.App.—Corpus Christi 1981, no writ). There is sufficient evidence in the record to have supported either a negative or affirmative answer by the jury to Special Issue 1–A. We decline to change the verdict of the jury. Point of error number four is overruled.

In a series of cross-points of error, the appellee City of Mission attacks the findings of the jury which awarded damages to the deceased child's parents for the loss of the child. This question was recently settled by the Texas Supreme Court in *Sanchez v. Schindler,* 651 S.W.2d 249 (1983). In *Sanchez* the Court held that a parent's recovery for the loss of a child will no longer be restricted to their pecuniary loss, but rather such recovery may include compensation for loss of companionship, affection, advice, comfort, society and the mental anguish suffered by the parent. Appellee's cross-points of error one and two are overruled.

■ In cross-points of error four and five, seven and nine, appellee complains of the findings of the jury which awarded damages to the parents and grandparents of the deceased child result-

ing from their witnessing the death of the child. A review of the pleadings shows that the basis for these damages was under the theory of "bystander recovery." This theory was reviewed in *Landreth v. Reed*, 570 S.W.2d 486 (Tex.Civ.App.—Texarkana 1978, no writ). The Court in *Landreth* allowed a bystander's recovery (twin sister) where the defendant's negligence caused manifest mental anguish which was foreseeable by the defendant. The test for foreseeability is predicated upon the following:

1. Whether the plaintiff was located near the scene of the accident.

2. Whether the shock resulted from a direct emotional impact upon the plaintiff from a contemporaneous perception of the accident as distinguished from learning of the accident from others after its occurrence.

3. Whether the plaintiff and the victim were closely related.

The undisputed evidence establishes that both grandparents were involved and severely injured in the same explosion which killed the child. Both grandparents witnesses the injuries suffered by the child seconds after the explosion, and the grandmother carried the child in her arms to the hospital. Additionally, it was undisputed that the grandparents shared a very close family relationship with the deceased child. Both parents of the deceased child were also victims of the explosion. The child's mother was apparently rendered unconscious by the explosion and did not view the child's injuries but was apprised of them upon regaining consciousness. The father actually saw the injured child before she was taken up and rushed to aid by her grandmother. There was obviously a very close family relationship between the children and their parents. The submission of the issue about the parents' and grandparents' recovery for mental anguish for witnessing the death of the child was proper, and the jury's answer is sufficiently supported by the evidence. Appellee's cross-points of error four and five, seven and nine are overruled.

In cross-points six through twelve, the appellee complains of the sufficiency of the evidence to support the submission of various issues concerning the amounts of damages awarded the appellants for their various injuries. We have reviewed the record and find all these issues supported by the evidence. Relying on the authorities previously cited in this opinion, these cross-points are all overruled.

In cross-point three, the appellee contends that the definition of "negligent" or "negligence" used by the trial court was incorrect and held the appellee City of Mission to a higher degree of care than required by law. The trial court submitted the following definition of negligent or negligence to the jury:

"NEGLIGENT OR NEGLIGENCE when used in this charge, means failure to use a high degree of care; that is to say, failure to do that which a very cautious, confident, and prudent person or entity would have done under the same or similar circumstances, or doing that which a very cautious, confident, and prudent person or entity would not have done under the same or similar circumstances."

Appellee's argument is based on the premise that one engaging in the use of explosives, as we have previously determined herein the City of Mission was so engaged, is held to the standard of ordinary care. We do not agree. It is axiomatic that one who is handling explosives capable of causing the injuries caused in this case is to be held to a degree of care in said handling higher than ordinary care. See *Missouri Pacific R.R. Co. v. Covarrubias*, 400 S.W.2d 599 (Tex.Civ.App.—San Antonio 1966, writ ref'd n.r.e.), *Jagoe Construction Company v. Harrison*, 17 S.W.2d 861 (Tex.Civ.App.—Texarkana 1929, no writ). Appellee's cross-point number three is overruled.

The trial court's judgment is reversed and judgment is here rendered as to appellee City of Mission that all appellants, with the exception of appellant Jennifer Genzer, recover from said appellee the amounts

found by the jury as damages. The trial court's judgment is reversed and remanded as to appellant Jennifer Genzer for a new trial as to appellee City of Mission. The remainder of the trial court's judgment is affirmed. Further, we order that costs of appeal shall be assessed 20% to appellants and 80% to appellee City of Mission.

## MOTION FOR REHEARING

In its eighth point of error on motion for rehearing, appellee City of Mission correctly points out that our judgment is incorrect in this cause to the extent that it fails to limit the City of Mission's total liability to $300,000.00. We, therefore, reform our judgment that the total liability of the City of Mission to all plaintiffs shall not exceed $300,000.00 as provided by TEX.REV.CIV. STAT.ANN. art. 6252–19 § 3 (Vernon Supp.1982).

Without expressing any opinion as to the distribution of the judgment among the defendants below, we also note that, with the exception of Jennifer Genzer, the total recovery by the plaintiffs below is not to exceed $528,912.75, plus interest. The remaining points of error presented in appellee City of Mission's motion for rehearing are overruled.