Megan Gallagher HASTIE, Appellant,

v.

Jose Perez RODRIGUEZ and H.E. Butt
Grocery Company, Appellees.

No. 13–85–388–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Sept. 30, 1986.

James J. Hippard, Jr., Talmadge Boyd,
Williams & Boyd, Houston, for appellant.

Rudy Gonzales, Jr., Doug E. Chaves,
Chaves, Gonzales & Rodriguez, Corpus
Christi, for appellees.

Before NYE, C.J., and KENNEDY and
SEERDEN, JJ.

OPINION

KENNEDY, Justice.

Appellant recovered $16,600.00 as damages for personal injury due to the appellees' negligence. Appellant pleaded wrongful death, the survival statute, bystander injury, negligence, and gross negligence. Appellant brings two points of error. We affirm the judgment of the trial court.

Appellant, by her second point of error, complains that the trial court erred in not rendering judgment for emotional trauma damages of $27,000.00 found by the jury.[1] The jury, in response to special issue No. 15, found the appellant sustained injury as a result of contemporaneously perceiving and experiencing the death of Michael Hastie. Appellant claims Michael Hastie was her common-law husband. The jury found in Special Issue No. 16 that appellant's damages for such injury equal $27,-000.00. The jury also found that appellant and Michael Hastie did not enter into a common-law marriage.

Michael Hastie and appellant lived together for five years. An H.E.B. truck, driven by appellee Rodriguez, left the roadway and hit a legally parked car. Michael

_____

1. Appellant's personal injury recovery of $16,-600.00 included past and future mental anguish resulting from the accident.

Hastie, Mary Beasley, and appellant were in the car, and Michael Hastie died as a result of injuries sustained in the accident. Appellant does not complain of the sufficiency of the evidence to support the jury's findings, but rather that appellant should receive the "bystander" damages despite the jury's finding against a common-law marriage.

■ Because the jury found a common-law marriage did not exist, appellant was unable to recover for mental anguish under the wrongful death statute as allowed in *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983). TEX.CIV.PRAC. & REM. CODE ANN. § 71.004 (Vernon 1986). Where a defendant's negligence causes manifest mental anguish which is foreseeable by the defendant, a bystander may recover damages. *Genzer v. City of Mission*, 666 S.W.2d 116, 122 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *Landreth v. Reed*, 570 S.W.2d 486, 489 (Tex. Civ.App.—Texarkana 1978, no writ). The test for foreseeability depends upon:

1. Whether the plaintiff was located near the scene of the accident.

2. Whether the shock resulted from a direct emotional impact upon the plaintiff from a contemporaneous perception of the accident as distinguished from learning of the accident from others after its occurrence.

3. Whether the plaintiff and the victim were closely related.

*Genzer*, 666 S.W.2d at 122; *Landreth*, 570 S.W.2d at 489.

We have found no cases that interpret "closely related," the third prong of the foreseeability test, to mean other than a familial relationship. Absent the bond of familial relationship, appellant cannot recover damages for mental anguish under "bystander recovery." The trial court properly conformed the judgment to the verdict. Appellant was not entitled to damages for the contemporaneous perception

of the accident due to the lack of a common-law marriage. We overrule appellant's second point of error.

■ Appellant, by her first point of error, complains that the trial court erred in denying her Motion to Dismiss Intervention. The intervenors were the parents of the deceased, Michael Hastie. Appellant's motion argued that the intervenors should have been dismissed because they settled with appellees. The record shows that prior to trial the intervenors contended that they had not settled with regard to funeral expenses, although the settlement purports to be a full release. Appellant and the intervenors sought recovery for funeral expenses. Notwithstanding the effect of the release as to funeral expenses, the release also contained an indemnity clause which read:

> AND, for the same consideration, we, the said William A. Hastie and Marion Jordan, do hereby agree to indemnify and forever save harmless the said H.E. Butt Grocery Company and Jose Perez Rodriguez, and any and all other persons, firms, or corporations who might or could be claimed to be liable therefor, of and from any and all claims, demands, actions or causes of actions or liabilities of any nature whatsoever growing out of said action.

Both appellant and intervenors sought recovery under the Wrongful Death Statute and the Survival Statute.[2] Therefore, the intervenors still had an interest by way of the indemnity clause.

The trial court did not abuse its discretion in denying appellant's Motion to Dismiss Intervention.[3] *Texas Supply Center, Inc. v. Daon Corp.*, 641 S.W.2d 335, 337 (Tex.App.—Dallas 1982, writ ref'd n.r.e.); *Burleson v. Finley*, 581 S.W.2d 304, 308 (Tex.Civ.App.—Austin 1979, writ ref'd n.r. e.); *see also* TEX.R.CIV.P. 60. We overrule appellant's first point of error.

---

2. TEX.CIV.PRAC. & REM.CODE Ann. §§ 71.002 & 71.021 (Vernon 1986).

3. At the close of all the evidence, the trial court granted appellant's motion for instructed verdict against the intervenors as there was no evidence regarding funeral expenses.

Having discussed the controlling issues in this case, we will not address appellees' cross-points of error. TEX.R.CIV.P. 451.

The judgment of the trial court is affirmed.