Robert E. SAGE, Appellant,

v.

Y.K. WONG, Appellee.

No. 2–85–243–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 26, 1986.

Hicks, Gillespie, James & Lesser, P.C. and George A. Preston, Jr., Dallas, for appellant.

Whitten, Loveless, Kelsey, Gregory, Holt & Phillips and Richard H. Kelsey, Denton, for appellee.

Before FENDER, C.J., and JOE SPUR-LOCK, II and HILL, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant, Robert E. Sage, plaintiff below, appeals the dismissal without prejudice of his suit for damages due to flooding of his property. The basis for dismissal was Sage's failure to state a cause of action and refusal to replead his petition. In two points of error, Sage alleges the trial court erred in dismissing his suit and that the dismissal violated article I, section 13 of the Texas Constitution, the "Open Courts" provision.

We affirm.

As this appeal is from a dismissal of the law suit, we have no evidence in the record to consider. However, a short restatement of the facts alleged by Sage is necessary to consider his appeal. Sage alleged he and Wong were adjoining land owners with retail businesses. Wong's building burned, and he neither repaired nor rebuilt the structure. Thereafter it rained and water flowed downhill from Wong's property flooding Sage's. Wong did nothing to alleviate the flooding of Sage's property. Sage will suffer damage hereafter from flooding so long as it rains in Denton County, Texas, if Wong does not cure the condition of his property.

The standard for adequacy of pleadings is set out in TEX.R.CIV.P. 45. In pertinent part the rule states: pleadings shall "consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's ground of defense, that an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegation as a whole." TEX.

R.CIV.P. 45(b). Rule 47 continues and commands that a pleading contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX.R.CIV.P. 47(a).

■ Interpreting these rules, Texas courts have said "fair notice" means the pleadings are "specific enough that an opposing attorney, of reasonable competence, with the pleadings before him, can ascertain the nature and basic issues of the controversy and the testimony probably relevant." *Rodriguez v. Yenawine*, 556 S.W.2d 410, 414 (Tex.Civ.App.—Austin 1977, no writ); *See also Schley v. Structural Metals, Inc.*, 595 S.W.2d 572, 587 (Tex.Civ.App.—Waco 1979, writ ref'd n.r. e.). This fair notice test includes whether each element of a cause of action has been alleged. *See Rodriguez*, 556 S.W.2d at 414. A pleading is not sufficient if it fails to allege all the elements of a cause of action. *See id.*

In this case Sage's petition attempts to allege causes of action in negligence per se and private nuisance. We find the trial court was correct in dismissing Sage's petition because neither cause of action alleged the essential element of proximate cause.

■ With respect to the negligence per se cause of action, Sage's petition alleges that appellee, Wong, violated numerous ordinances of the city of Denton concerning building standards. A cause of action based on negligence per se may arise where the defendant's act or omission is shown to be a proximate cause of the plaintiff's injury, and where that act is in violation of a statute or an ordinance. *See Nixon v. Mr. Property Management*, 690 S.W.2d 546, 549 (Tex.1985); *East Texas Motor Freight Lines v. Loftis*, 148 Tex. 242, 223 S.W.2d 613, 616 (1949); *Marshall v. Joske's, Inc.*, 581 S.W.2d 192, 194 (Tex. Civ.App.—San Antonio 1979, no writ). The plaintiff must also allege that he was within the class of persons which the ordinance was designed to protect. *See Nixon*, 690 S.W.2d at 549.

Sage has failed to meet these requirements. He argues on appeal that he complained at trial that water was impounded in Wong's burned-out building on the adjoining land and flooded over into his building causing damage. However, nowhere in his petition did Sage connect any of the alleged ordinance violations with the flooding of his property, nor did he allege that water collected on Wong's. The ordinance violations he complains of concern maintenance of walls and foundations, weatherproofing, rodent and vermin infestation; all designed to provide for safeness, sanitariness and appearance of the premises. Further, a careful reading of Sage's pleadings about the ordinances violated reveal Sage's water damage is clearly not the type of injury the ordinances were designed to combat. He alleged no resulting harm of the type expected from a violation of any ordinance involved, and no causal connection between any violation alleged and the harm he suffered.

■ The second cause of action Sage attempts to allege is that of private nuisance. In order to have a cause of action in nuisance, the facts must support one of three things: (1) an intentional invasion of another's interest; (2) a negligent invasion of another's interest; or (3) other conduct, culpable because it is abnormal and out of place in its surroundings so that it invades another's interest. *See City of Texarkana v. Taylor*, 490 S.W.2d 191, 194 (Tex.Civ. App.—Texarkana 1972, writ ref'd n.r.e.). Sage *may have meant* to allege nuisance of the second type, *but only on appeal*, did he argue that Wong was negligent in not taking steps to repair his property after it was destroyed by fire, *causing rainwater to become trapped in the building and to migrate into Sage's building*, causing damage. At trial, all he alleged was that there was no flooding before the fire and that the repeated flooding thereafter amounted to a nuisance. He did not allege any act or omission of Wong's which proximately caused the flooding which began after the date of the fire. Absent the application of negligence per se, and without any pleading of an act which was a

proximate cause, only speculation of some sort could connect the events.

■ Although not all nuisances are grounded on negligence, where negligence has created or contributed to the creation of a nuisance, such negligence should be alleged. *King v. Columbian Carbon Co.*, 152 F.2d 636, 641 (5th Cir.1945). The pleadings of such an action must include allegations of the three elements of actionable negligence. Those elements are: (1) a legal duty owed to the plaintiff; (2) a breach of that duty by the defendant; and (3) damage proximately resulting from the breach. *Rodriguez v. Carson*, 519 S.W.2d 214, 216 (Tex.Civ.App.—Amarillo 1975, writ ref'd n.r.e.).

Again this cause of action fails because Sage did not allege the breach of any legal duty or any proximate cause in his petition. Sage's petition, which he refused to amend below, alleges:

> the [plaintiff] suffered water damage from the rains on the above dates because his property at 225 North Locust is many inches lower in elevation than the property of Defendant Wong at 221–223 North Locust. As a result of the natural forces of gravity, as well as the natural propensity of water to migrate, the water which falls on the Defendant's property consequently migrates into the building of the plaintiff.
>
> This migration has caused interference with the Plaintiff's business ... and damages to the furniture, carpet and walls of the Plaintiff.

The petition does not allege any causal link between Wong's burned-out building and the flooding, except for a brief mention elsewhere with respect to mitigation of damages. Sage should have alleged a cause of action similar to that which he raised by argument in his brief on appeal to this court, the only place where he includes any sort of proximate cause allegation:

> That as a result of there being no roof on Appellee's building, and Appellant's property being lower in elevation, *water became trapped on Appellee's property and then migrated many times into Appellant's property ...* [Emphasis added.]

Nowhere in his trial pleadings did he make such an allegation; rather, he plead only that Wong's building burned and that water flows downhill. We hold the trial court properly dismissed the suit for failure to state a cause of action. Point of error one is overruled.

In point of error number two Sage alleges that the trial court violated the "Open Court's" provision of TEX. CONST. art. I, sec. 13. Sage neglected to state any reasons why this provision of the Constitution had been violated.

Although the clause is not stated in the language of due process, the provision is clearly a due process guarantee. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983). In relevant part the clause provides: "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have a remedy by due course of law." TEX. CONST. art. I, sec. 13. The interpretation of this clause has been limited to considering the effect a statutory remedy has on a common law cause of action. *Id.* It guards against legislative bodies arbitrarily withdrawing all legal remedies from a person having a cause of action well established and well defined in the common law. *Lebohm v. City of Galveston*, 154 Tex. 192, 275 S.W.2d 951, 954 (Tex.1955) (opinion on reh'g).

■ In order for a litigant to invoke the "Open Courts" provision, he must show that his cognizable common law cause of action is being restricted by a statute, and that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax*, 648 S.W.2d at 666. Because there is no statute restricting Sage's common law causes of action in negligence per se and nuisance, Sage's argument under the "Open Courts" provision is unfounded. The court's dismissal of his lawsuit was well founded

upon his refusal to plead an actionable cause of action.

Sage has not been denied access to the courts of this state. The suit was not dismissed until Sage refused to replead his petition after the trial court sustained Wong's special exceptions, and Sage chose to rest on the pleadings in his "Fourth Amended Original Petition." Additionally, the suit was dismissed without prejudice. Clearly Sage has suffered no denial of access to the court. Point of error number two is overruled.

The order dismissing Sage's case for failure to state a cause of action is affirmed.