Lois M. FREEMAN et al., Petitioners,

v.

CITY OF PASADENA, Respondent.

No. C–6571.

Supreme Court of Texas.

Jan. 27, 1988.

Rehearing Denied March 11, 1988.

William A. Odom, Michael A. Maness, Phillip A. Pfeifer, Houston, Russell H. McMains, McMains & Constant, Corpus Christi, for petitioners.

Lee Clark, City Atty., Pasadena, W.J. Kronzer, Jr., Houston, for respondent.

KILGARLIN, Justice.

This case presents the question whether bystander recovery for mental anguish extends to a stepparent who neither saw nor otherwise contemporaneously perceived the accident in which his stepsons were injured. Based on a jury verdict, the trial court awarded damages. The court of appeals reversed and rendered judgment that the stepfather take nothing. 731 S.W.2d 590. We affirm the judgment of the court of appeals.

John Freeman and others sued the City of Pasadena for damages arising out of an automobile accident in which two of Freeman's stepsons were injured (one later died in the hospital). Freeman was home at the time of the accident. After some unidentified person rang Freeman's doorbell and told him about the accident, Freeman dressed and hurried to the scene where he saw the demolished automobile surrounded by lights, ambulances, wreckers, helicopters, and police cars. When Freeman approached an open ambulance, he saw one of his stepsons lying on a gurney, his face covered with blood and one arm broken. Freeman's other stepson had already been transported by helicopter to Houston's Hermann Hospital, where he later died.

Freeman argues that the court of appeals should have upheld his recovery for mental anguish. We disagree. On the undisputed facts of this case, we hold as a matter of law that Freeman has no cause of action for emotional harm arising out of either stepson's injuries. We are guided in our decision by the foreseeability factors set out by the Supreme Court of California in the seminal case substituting negligent infliction of emotional harm for the more restrictive zone of danger theory of bystander recovery:

> In determining ... whether defendant should reasonably foresee the injury to plaintiff, or, in other terminology, whether defendant owes plaintiff a duty of due care, the courts will take into account such factors as the following: (1) Whether plaintiff was located near the scene of the accident *as contrasted with one who was a distance away from it.* (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the

sensory and contemporaneous observance of the accident, *as contrasted with learning of the accident from others after its occurrence.* (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*Dillon v. Legg,* 68 Cal.2d 728, 740, 441 P.2d 912, 920, 69 Cal.Rptr. 72, 80 (1968) (emphases added).

We recognize *Dillon* does not purport to state any immutable rule and that the California court contemplated due care or foreseeability determinations on a case-by-case basis. However, *Dillon* never suggests (as does petitioner Freeman) leaving the due care/foreseeability issue totally within the jury's discretion. To the contrary, that case plainly states, "[i]n light of these factors the court will determine whether the accident and harm was *reasonably* foreseeable." 441 P.2d at 921, 69 Cal.Rptr. at 81 (emphasis in original). In our case it is undisputed that Freeman did not contemporaneously perceive the accident or otherwise experience the shock of unwittingly coming upon the accident scene. In these circumstances, Freeman can hardly be called a bystander, and we decline to extend a duty of due care so as to permit recovery by him. *See generally* Annotation, *Immediacy of Observation of Injury as Affecting Right to Recover Damages for Shock or Mental Anguish from Witnessing Injury to Another,* 5 A.L.R.4th 833 (1981).

The City of Pasadena complains that the court of appeals erred in holding that the erection of barricades falls within the city's proprietary functions. We have considered the City's arguments and conclude they present no error requiring reversal.

The judgment of the court of appeals is affirmed.

RAY, J., concurs joined by MAUZY, J.

RAY, Justice, concurring.

I concur in the judgment and in the well-reasoned opinion of the court. But I must also write to highlight that we affirm the decision below only because Mr. Freeman did not contemporaneously perceive the accident. The court of appeals' additional statement that Mr. Freeman could not recover because he was a stepparent and not a natural parent does not accurately reflect the current status of the law in this state.

There is no reported case in this state, other than that of the court of appeals, in which a stepchild or parent was denied bystander recovery because the relationship was not biological. Courts of appeals have denied recovery to a close friend, and to a woman whom the jury found was not a common law wife. *See Hinojosa v. South Texas Drilling & Exploration, Inc.,* 727 S.W.2d 320 (Tex.App.—San Antonio 1987, no writ); *Hastie v. Rodriguez,* 716 S.W.2d 675 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). But recovery has not been denied to persons in a familial relationship. In fact, our learned colleagues on the federal court of appeals have *Erie*-guessed that Texas law would allow bystander recovery to stepsons for the death of their stepfather: "[t]he two stepsons were minors living with the James Grandstaff family, and we believe they stood in the close relationship required by Texas law." *Grandstaff v. City of Borger,* 767 F.2d 161, 172 (5th Cir.1985).

The majority's approval of *Dillon v. Legg* formally adopts workable factors which the courts of appeals have been using for some time.[1] The third factor inquires whether the plaintiff and victim were closely related, not whether they are blood relatives. Where the plaintiff and victim are in a close familial relationship, biological or step, the plaintiff should be allowed to recover. Texas courts should not conjure up artificial abstractions which bar recovery.

1. *See, e.g., McClellan v. Boehmer,* 700 S.W.2d 687 (Tex.App.—Corpus Christi 1985, no writ); *City of Austin v. Davis,* 693 S.W.2d 31, 33 (Tex. App.—Austin 1985), writ ref'd n.r.e.); *Genzer v. City of Mission,* 666 S.W.2d 116 (Tex.App.—Cor-pus Christi 1983, writ ref'd n.r.e.); *General Motors Corp. v. Grizzle,* 642 S.W.2d 837, 844 (Tex. Civ.App.—Waco 1982, writ dism'd w.o.j.); *Landreth v. Reed,* 570 S.W.2d 486, 489 (Tex.Civ.App. —Texarkana 1978, no writ).

Two other jurisdictions have addressed the question of whether step or foster parents may recover as bystanders. Construing the *Dillon* closeness element, both have allowed recovery. *See Mobaldi v. Board of Regents*, 55 Cal.App.3d 573, 127 Cal.Rptr. 720 (1976), *disapproved on other grounds, Baxter v. Superior Court*, 19 Cal.3d 461, 138 Cal.Rptr. 315, 563 P.2d 871 (1977) (foster mother allowed bystander); *Leong v. Takasaki*, 55 Hawaii 398, 520 P.2d 758 (1974) (step grandchild allowed bystander). The purpose of the *Dillon v. Legg* test is to determine whether the plaintiff's injury is foreseeable, and it is "[t]he emotional attachments of the family relationship and not legal status [that are] relevant to foreseeability." *Mobaldi*, 127 Cal. Rptr. at 726.

Unfortunately, the Andrewsian line[2] on who may recover must be drawn somewhere, because the law would go too far if friends or distant relatives could recover. It would be unreasonable to compel a defendant to pay for the emotional shock of every person who witnessed an injury. *Prosser & Keeton, The Law of Torts* § 54 at 366 (5th ed. 1984). The line should be drawn to allow bystanders to recover who are in a close familial relationship, such as Mr. Freeman and Jimmy were in this case. It would be arbitrary indeed to place Mr. Freeman outside that line because he was not a natural parent. The record before us reflects that he had been Jimmy's stepfather for thirteen years, since Jimmy was four; that the Freemans were a closely knit family unit; and that John Freeman shared a father-son relationship with his stepsons. To deny recovery to a step-parent based on his legal status, and to presume as a matter of law that emotional injury flows among those related by consanguinity runs afoul of our attempt in tort law to give a remedy to the one who is wronged. Such a dogma ignores the possibility that the true relationship between the steps is that of a close family, while that between the blood kin is hostile or distant. *See generally* Comment, *The Dillon Dilemma: A Closer Look at the Close Relationship*, 11 Western State University L.Rev. 271, 289 (1984). Applying the *Dillon v. Legg* test, when the plaintiff stands in a familial relationship with the victim, the jury should determine whether the two were close and award damages which would compensate the emotional shock which he suffered as a bystander.

The cause of action for bystander recovery is one for shock resulting from observing injury to a loved one. But I would point out that perhaps it is a theory which has outlived its usefulness in tort law. The concept of bystander recovery was born of a time when mental anguish without physical manifestation thereof went uncompensated. In Texas, *Moore v. Lillebo*, 722 S.W.2d 683 (Tex.1986), and *St. Elizabeth Hospital v. Garrard*, 730 S.W.2d 649 (Tex. 1987), have removed that impediment to recovery. There can now be recompense for grief caused by negligent infliction of mental anguish. As with the artificial schemes used to circumvent the harshness of contributory negligence as a total bar to recovery, perhaps the need for a bystander's cause of action is now without a basis. *See, W. Prosser & W. Keeton, The Law of Torts* § 54 at 366–67 (5th ed. 1984).

MAUZY, J., joins in this concurring opinion.

---

**2.** "This is not logic. It is practical politics.... We may regret that the line was drawn just where it was, but drawn somewhere it had to be." *Palsgraf v. Long Island Railroad Co.*, 248 N.Y. 339, 162 N.E. 99, 103–104 (1928) (Andrews, J., dissenting).