Ruth **HEWITT** and Gary **Pomroy**, Appellants,

v.

Brenton **CHADWICK**, A Minor, et al., Appellees.

No. 9648.

Court of Appeals of Texas, Texarkana.

Oct. 18, 1988.

Lee Ann Grossnickle, Paris, for appellants.

Jerry C. Parker, Sammons & Parker, Tyler, for appellees.

**334**

BLEIL, Justice.

Ruth Hewitt and Gary Pomroy, parents of Tina Pomroy, appeal an unfavorable summary judgment in a tort action for negligent infliction of emotional distress.

Their appeal presents the question whether they must contemporaneously perceive the event causing injury to their child to recover damages for negligent infliction of emotional distress. Because the case law clearly requires contemporaneous perception of such an event as a prerequisite to recovery, we affirm.

On February 1, 1986, nineteen-year-old Tina Pomroy and her friend, Caroline Taylor, were traveling north on U.S. Highway 271 near Paris, in Tina's automobile, when they noticed the engine temperature light come on. They pulled off the highway onto a paved shoulder and turned on the car's hazard lights. Tina walked around to the front of the car to look under the hood. A vehicle driven by Brenton Chadwick struck the parked car from behind, injuring Tina. An ambulance took her to St. Joseph's Hospital in Paris where she received stitches in her arm, nose, and leg; later, she was transferred to Dallas Presbyterian Hospital and treated for subdural hematoma of the brain. Tina's parents were not present at the scene of the collision, but went to the hospital after learning of Tina's injuries. Tina settled her claim for personal injuries resulting from the collision.

Tina's parents did not settle their cause of action for negligent infliction of emotional distress, and appeal, claiming that a question of fact exists as to their entitlement to damages for the emotional distress which they have suffered.

In *Landreth v. Reed*, 570 S.W.2d 486, 489 (Tex.Civ.App.–Texarkana 1978, no writ), we noted that the problem of whether to allow recovery of damages by one who witnesses the negligent injury of another person had perplexed the courts for decades. We observed then that courts were divided on this issue and chose to apply traditional concepts of negligence. Citing *Dillon v. Legg*, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968), we set forth three relevant factors to help determine foreseeability of a plaintiff:

(1) whether the plaintiff was located near the scene of the accident;

(2) whether the shock resulted from a direct emotional impact upon the plaintiff from a contemporaneous perception of the accident, as distinguished from learning of the accident from others after its occurrence; and

(3) whether the plaintiff and the victim were closely related. *Landreth*, 570 S.W. 2d at 489. Here, Hewitt and Pomroy have failed to satisfy requirements one and two. They were not present at the time of Tina's injury, but rather, learned of it later.

In the case of *Freeman v. City of Pasadena*, 744 S.W.2d 923 (Tex.1988), our highest court also adopted the *Dillon* three-step approach. *Freeman* holds that there can be no recovery for negligent infliction of emotional distress absent a contemporaneous perception of the event by the plaintiff.

Hewitt and Pomroy cannot recover damages under a negligent infliction of mental distress theory because they were not bystanders. *Freeman*, 744 S.W.2d at 924. They did not contemporaneously perceive the injury to their daughter. Thus, the trial court properly granted the summary judgment.

AFFIRMED.