**Jerry and Irma RODRIGUEZ, Appellants,**

v.

**MOTOR EXPRESS, INC., Appellee.**

**No. 13–93–174–CV.**

Court of Appeals of Texas,
Corpus Christi.

May 25, 1995.

Rehearing Overruled Nov. 22, 1995.

Carlos Quintana, Keith C. Livesay, McAllen, for appellants.

Robert L. Guerra, Thornton, Summers, Biechlin & Dunham, McAllen, Edward C. Mainz, Jr., Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, Harvey Ferguson, Jr., Omar S. Rivero, Chaves, Gonzalez & Rodriguez, Corpus Christi, for appellee.

Before SEERDEN, C.J., and KENNEDY[1] and DORSEY, JJ.

## OPINION

SEERDEN, Chief Justice.

Appellants, Jerry and Irma Rodriguez, appeal from a summary judgment granted in favor of appellee, Motor Express, Inc. By a single point of error, appellants allege the trial court erred by granting summary judgment. We affirm in part and reverse and remand in part.

### Factual and Procedural Background

Jerry Rodriguez narrowly escaped from being hit by a speeding car, but he witnessed

---

1. Former Justice Noah Kennedy not participating.

the same car hit and fatally injure his cousin-in-law, Anselmo Lugo, Jr. The accident occurred in front of the premises of Motor Express, Inc. (Motor Express). Motor Express is a trucking business, abutting Highway 281 just north of Edinburg, Texas.

Prior to the accident, Jerry Rodriguez and Jose Villarreal, Jr. were transporting produce in a tractor-trailer rig, headed north on Highway 281. En route, they stopped at Motor Express's place of business to obtain the requisite paperwork for transporting the produce and to obtain an advance in expenses. Because Motor Express had inadequate parking space on its premises, Jose parked the rig on the right-hand shoulder of Highway 281 in front of Motor Express. Jose positioned the rig directly behind another tractor-trailer rig also parked on the shoulder. Jerry's cousin-in-law, Anselmo, was a passenger in the other tractor trailer rig.

While Jose tended to business inside the Motor Express office, Jerry and Anselmo inspected the tires of their respective rigs. At about this same time, Enrique Guzman, who was traveling north on Highway 281 at a high rate of speed, lost control of his automobile. Enrique's vehicle veered from the highway onto the grass area where Jerry and Anselmo were standing and fatally struck Anselmo. Jerry escaped injury by jumping out of the vehicle's path, but witnessed Anselmo's death.

Appellants, Jerry and his wife, Irma Rodriguez, filed suit against Enrique Guzman and Motor Express, Inc., alleging (i) negligence, (ii) negligent infliction of emotional distress, (iii) intentional infliction of emotional distress, and (iv) bystander theories of recovery. Jerry alleged he suffers severe emotional distress damages after witnessing his cousin-in-law's death and after experiencing his own life-threatening, near accident. Irma alleged loss of consortium damages because of Jerry's emotionally distraught condition.

Appellants dismissed Enrique Guzman from the suit, leaving Motor Express as the sole remaining defendant. Motor Express then moved for summary judgment on grounds that, on the face of appellants' pleadings, appellants failed to plead valid causes of action. The trial court granted Motor Express's summary judgment motion.

Appellants now appeal, complaining the trial court erred by granting the summary judgment. Appellants contend Motor Express failed to conclusively disprove appellants' bystander and negligence causes of action.[2]

### Application of the Law and Analysis

Summary judgment is proper if the movant establishes there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). A defendant who conclusively negates at least one essential element of the plaintiff's cause of action is therefore entitled to summary judgment. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993). In reviewing a summary judgment record, we must accept all evidence favorable to the nonmovant as true. *Nixon*, 690 S.W.2d at 548–49. Further, we must indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *Id.* at 549.

### Bystander Claim

We first consider whether Motor Express conclusively negated at least one essential element of appellants' bystander cause of action. Motor Express moved for summary judgment on the bystander action, asserting Jerry does not qualify for, nor fall within, the class of "bystanders" permitted to recover under the bystander doctrine. Appellants contend that, not only does Jerry qualify as a bystander, but any limitation restricting Jerry's recovery as a bystander would violate the Open Courts Provision and the Equal Protection Clause.

■ The Texas Supreme Court first recognized the bystander doctrine in *Freeman v. City of Pasadena*, 744 S.W.2d 923 (Tex. 1988) (adopting *Dillon v. Legg*, 68 Cal.2d 728, 740, 441 P.2d 912, 920, 69 Cal.Rptr. 72, 80

---

**2.** On appeal, appellants failed to raise any arguments concerning their intentional infliction of emotional distress and negligent infliction of emotional distress causes of action.

(1968)). Under this doctrine, a "bystander" who witnesses an accident is allowed to recover emotional distress damages if the defendant should have reasonably foreseen that his acts or omissions would cause the "bystander" to suffer emotional distress. *Freeman*, 744 S.W.2d at 923–24. In determining whether a defendant owes a duty of care to a "bystander" plaintiff, a trial court must consider three factors: (1) whether the plaintiff was located near the scene of the accident, (2) whether the shock resulted from a direct emotional impact upon plaintiff based on his sensory and contemporaneous observance of the accident, and (3) whether the plaintiff and the victim were closely related. *Id.* at 923–24. If all three factors co-exist, the plaintiff qualifies as a "bystander" to whom the defendant owes a duty of care. *See id.* at 924. The third factor—the "closely related" factor—is at issue in this case.

■ Motor Express asserts Jerry and his cousin-in-law, the decedent, were not closely related. We have interpreted "closely related" to mean a familial relationship. *Hastie v. Rodriguez*, 716 S.W.2d 675, 676 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.); *see also Freeman*, 744 S.W.2d at 924 (Ray, J., concurring). "Closely related" means "relatives residing in the same household, or parents, siblings, children, and grandparents of the victim." *Garcia v. San Antonio Housing Auth.*, 859 S.W.2d 78, 81 (Tex.App.—San Antonio 1993, no writ) (quoting *Thing v. La Chusa*, 48 Cal.3d 644, 771 P.2d 814, 827, 257 Cal.Rptr. 865, 878 (1989)).

Motor Express incorporated appellants' second amended original petition and discovery admissions in its summary judgment motion as proof, supporting its assertion that Jerry and his cousin-in-law were not "closely related." In their petition, appellants alleged the decedent was Jerry's cousin-in-law. In their discovery admissions, appellants admitted the decedent was not a member of their household, nor was he a sibling, a parent, nor their child.

■ Appellants contend the petition and discovery admissions attached to Motor Express's summary judgment motion do not qualify as competent summary judgment proof. We disagree. Although pleadings generally do not constitute summary judgment evidence, *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979), the facts alleged in the pleadings are accepted as true by the court and are binding on the pleader. *Houston First American Sav. v. Musick*, 650 S.W.2d 764, 769 (Tex. 1983). The facts alleged in the pleadings constitute judicial admissions. *Galvan v. Public Util. Bd.*, 778 S.W.2d 580, 583 (Tex. App.—Corpus Christi 1989, no writ); *see MBank Brenham v. Barrera*, 721 S.W.2d 840, 842 (Tex.1986). Judicial admissions are not considered summary judgment proof, but rather a waiver of proof because of their binding effect as an admission. *Galvan*, 778 S.W.2d at 583. Thus, we hold that the pleadings attached to Motor Express's motion are adequate to form a basis for obtaining summary judgment.

■ Discovery admissions constitute competent summary judgment evidence if they satisfy two criteria. First, the admissions must be referred to or incorporated in the summary judgment motion. *Acevedo v. Droemer*, 791 S.W.2d 668, 669 (Tex.App.—San Antonio 1990, no writ); TEX.R.CIV.P. 166a(c). Second, the admissions can be only used against the party who filed them. *Jeffrey v. Larry Plotnick Co.*, 532 S.W.2d 99, 102 (Tex.Civ.App.—Dallas 1975, no writ); *Sprouse v. Texas Employers' Ins. Ass'n*, 459 S.W.2d 216, 220 (Tex.Civ.App.—Beaumont 1970, writ ref'd n.r.e.). Here, Motor Express incorporated the discovery admissions in its motion and used the admissions against appellants. Thus, we hold that the discovery admissions constitute competent summary judgment evidence.

Based on the facts alleged in the petition and discovery admissions, we note Jerry's relationship to the decedent does not qualify as the requisite familial relationship; rather, the two were cousins-in-law living in separate residences. Absent the bond of a familial relationship with the decedent, Jerry cannot be conferred "bystander" status and consequently cannot recover emotional distress damages under the bystander doctrine. *See Garcia*, 859 S.W.2d at 81 (denying "bystander" status to an uncle, who had witnessed his

nephew's accident); *Hinojosa v. South Texas Drilling & Exploration, Inc.*, 727 S.W.2d 320, 324 (Tex.App.—San Antonio 1987, no writ) (denying "bystander" status to a worker, who had heard and witnessed a close friend and co-worker fall to his death); *Hastie*, 716 S.W.2d at 676 (denying "bystander" status to a woman, who had witnessed the death of her male live-in companion; the two had not entered into a common-law marriage). We hold that Motor Express conclusively negated an essential element—the "closely related" factor—of appellants' bystander claim.

■ Appellants argue, if Jerry is denied bystander recovery, then such denial violates appellants' rights under the Equal Protection Clause and the Open Courts Provision of the state and federal constitutions. We disagree. With respect to appellants' "equal protection" argument, the Equal Protection Clause of the Texas Constitution provides that "[a]ll free men, when they form a social compact, have equal rights...." TEX. CONST. art. I, § 3. Equal protection challenges under the Texas and United States Constitutions are analyzed in the same manner. *Reid v. Rolling Fork Pub. Util. Dist.*, 979 F.2d 1084, 1089 (5th Cir.1992).

Appellants contend, if Jerry is denied bystander recovery on the basis that he is a cousin-in-law and not a "familial" relative, then such denial violates Jerry's equal rights under the law. Appellants contend bystander status afforded to "close relatives" should be determined on the basis of the individual circumstances of the close relationship, not by virtue of legal title of the relationship.

■ Although Texas case law is replete with equal protection challenges where statutory classifications are at issue, *see, e.g., Whitworth v. Bynum*, 699 S.W.2d 194 (Tex. 1985) (Texas Guest Statute), there are a few cases involving judicially-created classifications—as in this instant case. *See, e.g., Prime Group, Inc. v. O'Neill*, 848 S.W.2d 376, 379 (Tex.App.—Houston [14th Dist.] 1993, no writ) (treating wealthy parties differently than indigent parties when imposing a monetary sanction). When a classification—whether it is statutorily or judicially created—neither infringes upon fundamental

rights nor burdens an inherently suspect class, equal protection analysis requires the classification to be rationally related to a legitimate state interest. *Spring Branch Indep. Sch. Dist. v. Stamos*, 695 S.W.2d 556, 559 (Tex.1985); *Sullivan v. University Interscholastic League*, 616 S.W.2d 170, 172 (Tex. 1981). Appellants have not cited any authority holding that cousins-in-law, as a group, have fundamental rights or are considered a suspect class. Therefore, we apply the rational basis standard. *Id.; see also Detar Hosp., Inc. v. Estrada*, 694 S.W.2d 359, 365 (Tex.App.—Corpus Christi 1985, no writ) (explaining that courts apply the rational basis standard in tort recovery cases).

■ Under the rational basis standard, similarly situated individuals must be treated equally under a classification unless there is a rational basis for not doing so. *Whitworth*, 699 S.W.2d at 197. In applying that standard to a bystander cause of action, all plaintiffs seeking bystander recovery must be treated equally unless there is a rational basis for not doing so. Here, the rational basis for limiting bystander recovery to "familial" relatives stems from judicial interest in compensating only those persons who normally would have had the closest relationship to the deceased and would suffer the most from the deceased's death. Courts must draw a line somewhere between those who are entitled to recover and those who are not. *Garcia*, 859 S.W.2d at 81. We overrule appellants' "equal protection" argument.

■ With respect to appellants' "open courts" argument, appellants argue the Open Courts Provision of the Texas Constitution guarantees them the right to their day in court without arbitrary restrictions on their bystander cause of action. The Open Courts Provision provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have a remedy by due course of law." TEX. CONST. art. I, § 13. This provision is clearly a due process guarantee. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983).

■ The Open Courts Provision protects against legislative bodies arbitrarily with-

drawing legal remedies from a person with a well-established and well-defined cause of action under common law. *Sage v. Wong,* 720 S.W.2d 882, 885 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.); *see Lebohm v. City of Galveston,* 154 Tex. 192, 275 S.W.2d 951, 954 (1955). A review of Texas case law reveals this provision has been interpreted to apply in situations where a statutory remedy restricts a common-law cause of action. *Sage,* 720 S.W.2d at 885; *see e.g., Lucas v. United States,* 757 S.W.2d 687 (Tex.1988) (placing a statutory cap on medical malpractice damages violates the Open Courts Provision); *Sax,* 648 S.W.2d at 666 (having a statutory limitation period for minors pursuing medical malpractice claims violates the Open Courts Provision).

■ In order for a litigant to invoke the Open Courts Provision, he must show that his common-law cause of action is being restricted by a statute and that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax,* 648 S.W.2d at 666; *Sage,* 720 S.W.2d at 885. Because no statute is involved here, appellants' "open courts" argument is unfounded. *See Sage,* 720 S.W.2d at 885.

Having disposed of appellants' constitutional arguments, we hold that Motor Express conclusively negated appellants' bystander cause of action by proving Jerry does not qualify for "bystander" status. Therefore, the trial court properly granted summary judgment, on the bystander claim, in favor of Motor Express.

### Negligence Claim

■ We next consider whether Motor Express conclusively negated appellants' negligence cause of action. Appellants alleged in their second amended petition that Motor Express's negligence proximately caused Jerry to suffer severe emotional distress. Motor Express moved for summary judgment, asserting that, because Jerry alleged emotional distress damages, the cause of action is barred in light of *Boyles v. Kerr,* 855 S.W.2d 593 (Tex.1993). Motor Express further asserted that, because Irma's recovery of loss of consortium damages is contingent upon the success of Jerry's recovery, then *Boyles* in effect bars Irma's claim as

well. *Boyles* is a case involving the videotaping and subsequent showing of sexual acts between the defendant, Boyles, and the plaintiff, Kerr. *Id.* at 594. Kerr sued Boyles for negligent infliction of emotional distress, intentional invasion of privacy, and negligent invasion of privacy. *Id.* Only the negligent infliction of emotional distress claim was submitted to the jury. *Id.*

In *Boyles,* the Texas Supreme Court abolished a general duty not to negligently inflict emotional distress. *Boyles,* 855 S.W.2d at 594. In doing so, the court restricted and in part overruled its previous decision in *St. Elizabeth Hosp. v. Garrard,* 730 S.W.2d 649, 653–54 (Tex.1987), stating, "[W]e overrule the language in *Garrard* to the extent that it recognizes an independent right to recover for negligently inflicted emotional distress. Instead, mental anguish damages should be compensated only in connection with defendant's breach of some other duty imposed by law." *Boyles,* 855 S.W.2d at 595–96. The court explained, "By overruling the language in *Garrard,* we hold only that there is no general duty not to negligently inflict emotional distress. Our decision does not affect a claimant's right to recover mental anguish damages caused by defendant's breach of some other legal duty." *Id.* at 597.

Appellants contend *Boyles* does not eliminate their negligence action. We agree. Although *Boyles* abolishes a general duty not to negligently inflict emotional distress, one still may recover for mental anguish if some other legally recognized duty has been breached. *Id.* at 597. Here, appellants allege Motor Express had a legally recognized duty—that of a landowner. Appellants further allege Motor Express, as a landowner, breached its duty by failing to provide a safe parking area for Jerry.

Motor Express did not submit any summary judgment evidence to prove that it did not breach its duty. Appellants, on the other hand, submitted evidence on the breach of duty issue by way of an affidavit from a traffic engineer—Federico Javier Mendoza—who is an expert in the field of traffic design, traffic flow, and parking facilities. Mr. Mendoza stated that he had personal knowledge

of the facts of this case; that he was familiar with the standards of design and control for traffic flow on highways in the State of Texas; and that private businesses abutting highways—such as Motor Express—are required to provide their own parking areas off the highway. Based on his review of the case materials, his experience, and his education, Mr. Mendoza opined that Motor Express failed to provide proper and adequate parking and failed to regulate parking on their business premises. Further, based on his familiarity with the legal concepts of negligence and proximate cause, Mr. Mendoza opined that Motor Express was negligent and such negligence caused Jerry's near accident.

After reviewing the record in the light most favorable to the appellants, we hold there is evidence that raises a fact issue as to whether Motor Express breached its duty as a landowner. Because *Boyles* does not eliminate recovery of emotional distress damages proximately caused by a landowner's breach of duty, the trial court erred in granting summary judgment on the negligence cause of action. We sustain appellants' point of error with respect to only the negligence cause of action.

Accordingly, we affirm in part and reverse and remand in part for trial on the merits on only the negligence claim.

DORSEY, Justice, concurring.

I agree with the analysis of the bystander claim asserted by Jerry Rodriguez. I write separately on Mr. Rodriquez's right to recover for his emotional distress caused by almost being run over by Guzman's car. Is he barred from recovery because he was fortunate enough not to be struck by the car?

Texas jurisprudence has long recognized claims in which the plaintiff was not struck by the defendant or by an object put into motion through the defendant's negligence. Emotional distress caused by the defendant's negligent act, unaccompanied by a physical impact, is recoverable.

In *Hill v. Kimball*, 76 Tex. 210, 13 S.W. 59 (1890), the Texas Supreme Court first recognized the principle. A cause of action was allowed by a plaintiff who miscarried as a result of witnessing a violent and bloody assault by the defendant on two others, drawing blood in the assault. The fright that Mrs. Hill received caused her physical injuries. In holding that Mrs. Hill had a cause of action, the court said,

"Of course, since there is no intent to injure Mrs. Hill alleged, it will be a question for the jury to determine whether his conduct, so far as she was concerned, was negligent or not; that is to say, whether, under the circumstances, and with the lights before him, a reasonably prudent man would have anticipated the danger to her or not."

*Id.* 13 S.W. at 59. The *Hill* court was clear that the tort asserted by Mrs. Hill sounded in negligence and was not willful or intentional. Although the assault on the two individuals was willful, the duty to Mrs. Hill was based on the defendant, knowing her delicate condition, attacking the victims in her presence in her yard. It is not an example of allowing for emotional distress with a willful tort. *See Sanchez v. Schindler*, 651 S.W.2d 249, 258 (Tex.1983) (Pope, C.J., dissenting) (listing cases involving wilful torts).

In 1900, the Supreme Court reached the question again in *Gulf, C. & S.F. Ry. v. Hayter*, 93 Tex. 239, 54 S.W. 944, 945 (1900). The plaintiff was a passenger on a train that was struck by another train at a crossing. Although two cars were derailed, the plaintiff suffered no bodily injury; only fright and shock. The collision did not knock him from his seat, tear his hands loose from the hold he had taken, nor did it disturb his position any that he could tell. However, it frightened him greatly, which, he asserted, caused disease which resulted in physical pain and mental anguish. The court held, "We conclude that where a physical injury results from a fright or other mental shock, caused by the wrongful act or omission of another, the injured person is entitled to recover his damages." *Id.*

The Supreme Court again reaffirmed *Hill v. Kimball* in 1946 in *Houston Elec. Co. v. Dorsett*, 145 Tex. 95, 194 S.W.2d 546 (1946), a case strikingly similar to the one under consideration. Mrs. Dorsett was almost run over by a bus operated by the defendant

while crossing a street. The bus narrowly missed her, causing great emotional shock. The court held that it was not necessary that there be a physical impact. After tracing the history of this area of law in Texas and elsewhere, it stated, "[t]he conflict of decisions in the American courts has continued, but the decisions of the Court on this question in the cases of *Hill v. Kimball*, supra, and *Gulf, C. & S.F. Railway Co. v. Hayter*, supra, are now supported by a majority of the courts of the States." The court then cited legal encyclopedia, law review articles, cases, American Law Reports and the Restatement of Torts § 436. *Dorsett*, 194 S.W.2d at 548.

In *Bailey v. American Gen. Ins. Co.*, 154 Tex. 430, 279 S.W.2d 315, 322 (1955), the plaintiff was on a scaffold that collapsed. His coworker on the scaffold fell eight floors to his death. Bailey became entangled in the scaffold and did not fall. He had minor bruises and a rope burn. His initial physical injuries were not disabling, but he developed an anxiety reaction that made it impossible for him to continue his usual occupation of an ironworker. This case was brought under the workers compensation statute, and the court construed the word "injury" in the statute to include such an emotional injury.

The *Bailey* case could be construed as inapplicable to the present case, because it was brought under the worker's compensation statute that is interpreted liberally in favor of the injured worker. However, there is no doubt under the common law of this state Mr. Bailey could maintain an action against the negligent party who caused his severe emotional injury. In my opinion he could recover, not for watching his co-worker fall, but for his own emotional injures in almost falling to his death.

Just as there is no requirement that the plaintiff be physically struck as a proximate cause of the defendant's negligence in order to recover, it is not necessary that there be a physical manifestation of an emotional injury. *Boyles v. Kerr*, 855 S.W.2d 593, 598 (Tex. 1993) ("We are also not imposing a requirement that emotional distress manifest itself physically to be compensable.").

I therefore agree that the plaintiff here who received only emotional injuries is not barred from recovery because he was not struck. I concur.