**MOTOR EXPRESS, INC., Petitioner,**

v.

**Jerry and Irma RODRIGUEZ, Respondents.**

**No. 96–0073.**

Supreme Court of Texas.

July 8, 1996.

Harvey Ferguson, Jr., R. Gary Laws, Corpus Christi, Edward C. Mainz, Jr., San Antonio, for petitioner.

Keith C. Livesay, Carlos Quintana, McAllen, for respondents.

---

PER CURIAM.

The issue in this premises liability case is whether a person who witnesses an accidental death, but suffers no personal physical injury himself, may recover from the landowner damages for mental anguish. The court of appeals reversed a summary judgment on a negligence claim, holding that mental anguish damages were recoverable upon the breach of the landowner's duty to provide a safe parking area. 909 S.W.2d 521. We disagree. We reverse the judgment of the court of appeals and render judgment for the landowner.

Jerry Rodriguez and Jose Villarreal, Jr. parked their tractor-trailer rig behind another rig on the shoulder of a highway in front of Motor Express, Inc.'s premises. Motor Express is a trucking business for whom Rodriguez and Villarreal were transporting produce. Anselmo Lugo, Jr., Rodriguez's wife's cousin, was a passenger in the other rig. Rodriguez and Lugo were standing near their rigs when a speeding car hit Lugo. Lugo was killed, but Rodriguez was not injured. Rodriguez sued Motor Express to recover damages for the mental anguish he suffered as a result of witnessing Lugo's death and Rodriguez's own life-threatening experience. He alleged negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and bystander claims. Rodrigriguez's wife also sued to recover loss of consortium damages resulting from Rodriguez's emotionally distraught condition.

Motor Express sought summary judgment on all claims. The trial court granted the summary judgment. The Rodriguezes appealed only the bystander and negligence claims. On these claims, the court of appeals affirmed summary judgment on the bystander claim, concluding that Rodriguez could not assert a bystander claim because he and Lugo were not closely related. 909 S.W.2d at 525. It reversed summary judgment on the negligence claim, holding that there was a fact issue as to whether Motor Express breached its duty as a landowner. 909

S.W.2d at 528. The Rodriguezes did not appeal the adverse judgment on the bystander claim and thus, the only issue before this Court is whether Motor Express was entitled to summary judgment on the Rodriguezes' negligence claim.

In *Boyles v. Kerr*, we held that there is no general duty not to negligently inflict emotional distress. 855 S.W.2d 593, 597 (Tex.1993). A claimant may, however, recover mental anguish damages caused by a defendant's breach of some other legal duty. *Id.* Here, although Rodriguez was not physically injured by the speeding car, he argues he is entitled to recover damages for his mental anguish because Motor Express breached a duty as a landowner to provide adequate safe parking for the rigs on its premises.[1] We disagree.

There are few situations in which a claimant who is not physically injured by the defendant's breach of a duty may recover mental anguish damages. *See, e.g., Freeman v. City of Pasadena*, 744 S.W.2d 923, 923–24 (Tex.1988) (bystander recovery); *Silcott v. Oglesby*, 721 S.W.2d 290, 292 (Tex.1986) (intentional tort of child abduction); *Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 374 (Tex.1984) (defamation); *Billings v. Atkinson*, 489 S.W.2d 858, 860–61 (Tex.1973) (invasion of privacy); *Stuart v. Western Union Tel. Co.*, 66 Tex. 580, 18 S.W. 351, 353 (1885) (failure of telegraph company to timely deliver death message); *Pat H. Foley & Co. v. Wyatt*, 442 S.W.2d 904, 906–07 (Tex.Civ. App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.) (negligent handling of corpse).

Most recently, we held a father may not recover mental anguish damages suffered as a result of his wife's injury and loss of her fetus. *Krishnan v. Sepulveda*, 916 S.W.2d 478, 482 (Tex.1995). While there may be certain relationships that give rise to a duty which, if breached, would support an emotional distress award even absent proof of physical injury, *Boyles*, 855 S.W.2d at 600, the landowner-invitee relationship is not one. Because Rodriguez did not suffer a physical injury, and because Motor Express did not

---

1. Motor Express argues in this Court that it owed no duty to Rodriguez to provide adequate parking. However, Motor Express did not challenge duty in its summary judgment motion. Accordingly, we assume without deciding that Motor Express owed Rodriguez a duty.

have some other specific duty of care under the circumstances, Rodriguez cannot recover mental anguish damages.

Because Rodriguez cannot recover mental anguish damages as a matter of law under his negligence claim, Rodriguez's wife's claims likewise are barred. Claims for loss of consortium are derivative. *Whittlesey v. Miller*, 572 S.W.2d 665, 667 (Tex.1978). Further, loss of consortium damages are recoverable only when the nonderivative claim resulted in physical injury. *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 294 (Tex.1994). That is not the case here. Like her husband's, the damages Irma Rodriguez sought are not recoverable as a matter of law. Motor Express was entitled to summary judgment on the Rodriguezes' negligence claims.

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, this Court grants Motor Express's application for writ of error and, without hearing oral argument, reverses the court of appeals' judgment reversing summary judgment and renders judgment that the Rodriguezes take nothing. TEX. R.APP. P. 170.