NO. 07-04-0370-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 8, 2005

_____

JEANETTE BILLINGTON, APPELLANT

V.

WILLIAM MARK LAMBERSON, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 90,763-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant Jeanette Billington[1] challenges the trial court's order granting summary

judgment that she take nothing against appellee William Mark Lamberson on her common

_____

[1]According to her deposition, appellant's name is Jeanette Kiser, formerly Jeanette Billington.

law cause of action seeking damages for mental anguish she alleges she sustained as a bystander to an accident caused by Lamberson in which her grandmother sustained fatal injuries. Presenting a sole issue,[2] Billington contends that under the common law of Texas, a grandchild should be allowed to recover for mental anguish suffered as a bystander to the death of a grandparent. We affirm.

Twanda Billington, appellant's grandmother was killed in an accident on May 5, 2001, when Lamberson failed to yield the right of way. Appellant Billington, the adult granddaughter of the decedent, and Billington's mother had attended a function with the deceased prior to the accident. They departed in separate cars and, as Billington was following her grandmother, she heard what she thought was an accident. When she turned a corner, she saw that her grandmother's car had been in an accident. Billington did not see the accident, but did witness the immediate aftermath. At the time of the accident, Billington was residing with her husband and two minor children on a ranch north of Amarillo. Billington did not contend that she had ever lived with her grandmother or that a *loco parentis* relationship had ever existed.

By traditional motion, Lamberson sought summary judgment on two grounds.

**First Ground.** Billington was not a person "closely related" as is required to maintain a bystander claim.

---

[2]Billington does not present a general issue as suggested in Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).

**Second Ground.** Billington had no viable cause for a bystander claim based on her pleadings.

Responding to the motion, Billington alleged (1) there was no evidence that she was not "closely related" and 2) the absence of any case law denying a granddaughter the right to recover on a bystander claim.

Standard of Review for a
Traditional Motion for Summary Judgment

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food

3

Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). Issues which the non-movant contends preclude the granting of a summary judgment must be expressly presented to the trial court by written answer or other written response to the motion and not by mere reference to summary judgment evidence. McConnell v. Southside School Dist., 858 S.W.2d 337, 341 (Tex. 1993). Issues not expressly presented to the trial court in writing shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P. 166a(c). Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989). When a summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ).

Billington's Pleadings
Second Ground

A summary judgment should not be based on a pleading deficiency that can be cured by amendment of pleadings. *See* In Interest of B.I.V., 870 S.W.2d 12, 13 (Tex. 1994). Here, the record does not show the trial court ruled on Lamberson's special exception. Accordingly, the summary judgment may not be affirmed on the basis of the second ground. Alashmawi v. IBP, Inc., 65 S.W.3d 162, 173-74 (Tex.App.--Amarillo 2001, pet. denied). The judgment does not specify the grounds relied on. Thus, we are required to determine if the judgment can be affirmed on the first ground presented in the motion for summary judgment. *See Carr*, 776 S.W.2d at 569. Accordingly, we continue our analysis by focusing on Lamberson's first ground that Billington was not a person "closely related."

Person "closely related."
First Ground

In Boyles v. Kerr, 855 S.W.2d 593, 598 (Tex. 1993), the Court restated that status as a bystander requires determinations of

> (1) whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it;
>
> (2) whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and
>
> (3) whether the plaintiff and the victim were *closely related,* as contrasted with an absence of any relationship or the presence of only a distant relationship.

5

(Emphasis added).  *See also* Freeman v. City of Pasadena, 744 S.W.2d 923, 923-24 (Tex. 1988) (adopting bystander recovery theory in Dillon v. Legg, 68 Cal.2d 728, 740, 441 P.2d 912, 920, 69 Cal Rptr. 72, 80 (1968)).  Regarding the third factor, unlike an action under section 71.004 of the Texas Civil Practice and Remedies Code which allows recovery of damages by a surviving spouse, children, and parents of a deceased, the Court did not define "closely related."

The summary judgment evidence presented by Lamberson included Billington's oral deposition and her grandmother's death certificate.  According to the evidence offered in support of the motion for summary judgment:

- at the time of her death, the deceased, age 77, resided in Amarillo, Potter County;
- at the time of the accident, Billington was married, lived and worked with her husband on a ranch in Moore County;
- Billington was the mother of two children;
- Billington had a twin brother and other relatives who lived in the vicinity;
- Billington had never resided in the home of her grandmother; and
- Billington did not see the accident, but did see the wrecked vehicle and her grandmother with injuries shortly after the accident.

By response to the motion for summary judgment, Billington contended there was no evidence proving she was not closely related to the deceased; however she did not present any summary judgment evidence, by affidavit or otherwise, to establish a fact issue on the

6

question of whether she and her grandmother were "closely related." *See Clear Creek Basin Authority*, 589 S.W.2d at 679.

Citing Garcia v. San Antonio Housing Authority, 859 S.W.2d 78, 81 (Tex.App.-- San Antonio 1993, pet. denied), Billington contends that by a majority opinion, the San Antonio Court held that a grandparent constituted a person "closely related"; however, that reference is misplaced because in *Garcia* the plaintiff claiming bystander status was an uncle of the victim, not a grandparent. Adopting the California Supreme Court's definition of "closely related," the court reversed a summary judgment that the uncle take nothing and remanded the case for a determination of whether the uncle resided in the same household as the injured victim.[3] *Id.* Although the court did not state that sharing a common residence was essential, based upon its disposition of the case, we conclude that the majority considered that a determination of whether the uncle and the victim shared a common residence was an important factor to be considered in determining whether the uncle and victim were "closely related." *See also* Rodriguez v. Motor Exp., Inc. 909 S.W.2d 521, 525 (Tex.App.--Corpus Christi 1993), *rev'd on other grounds,* 925 S.W.2d 638 (Tex. 1996) (noting that two cousins-in-law resided in separate residences, the court affirmed a summary judgment denying a bystander claim).

Pleadings do not constitute summary judgment proof and are not to be considered in determining whether fact issues are expressly presented in summary judgment

---

[3]The Texas Supreme Court did not adopt the reference to the California rule.

proceedings. Hidalgo v. Sur. Sav. & Loan Ass'n, 462 S.W.2d 540, 545 (Tex. 1971). Further, "the non-movant must expressly present to the trial court any reasons seeking to avoid the movant's entitlement . . . and he must present summary judgment proof when necessary to establish a fact issue." *Clear Creek Basin Authority*, 589 S.W.2d at 678. "No longer must the movant negate all possible issues of law and fact that could be raised by the non-movant in the trial court but were not." *Id.*

Considering that Lamberson's summary judgment evidence established Billington never shared a common residence with her grandmother, was married and lived on a ranch in an adjoining county, and other summary judgment evidence, in the absence of evidence by Billington raising a fact question as to the "closely related" ground, we conclude the trial court did not err in rendering summary judgment for Lamberson. Billington's issue is overruled.

Accordingly the trial court's judgment is affirmed.


Don H. Reavis
Justice