**Ray Joseph KIFFE**

v.

**NECHES–GULF MARINE, INC. d/b/a Gulf Neches Marine; Gulf Neches Marine d/b/a Neches–Gulf Marine, Inc.; Neches–Gulf Lightering, Inc. d/b/a Gulf Neches Lightering; Gulf Neches Lightering d/b/a Neches–Gulf Lightering, Inc.; Jahre Shipping (USA), Inc.; Exxon Corporation.**

No. B–88–0691–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

April 17, 1989.

James W. Mehaffy, Jr., Beaumont, Tex., for plaintiff.

Wendell C. Radford, Beaumont, Tex., for Exxon Corp.

Chris A. Lorenzen and William S. Rhea, Houston, Tex., for Neches–Gulf Marine, Inc. and Neches–Gulf Lightering, Inc.

## ORDER AND OPINION

SCHELL, District Judge.

Ray Joseph Kiffe sues his employers, Neches–Gulf Marine and Neches–Gulf Lightering (collectively hereinafter "Neches–Gulf") and the ship owner, Exxon Corporation ("Exxon"), for purely emotional injuries to himself resulting from his witnessing an accident in which a fellow crew member was killed. Virtually in unison, defendants protest that Kiffe has no claim under the Jones Act or general maritime law and move this court for summary judgment in their favor. For the following reasons, this court agrees and grants summary judgment.

### FACTS

The following events are essentially undisputed. On the day of the accident, Kiffe served as mate aboard Neches–Gulf's fendering vessel, the M/V JANA, engaged in an operation to retrieve the large rubber buoys used as anchor fenders and previously deployed alongside Exxon's M/V ESSO FREEPORT. Serving with Kiffe were shipmates Meshworth and Lodge. The ship was mastered by Captain Mark Long.

After shackling the M/V ESSO FREEPORT's boom cable to the fenders near the port stern of the M/V JANA, in preparation for lifting and placing the buoys on board the M/V JANA, Captain Long or-

dered Kiffe to operate the winch located on another deck further amidship. When Kiffe reached the wench, he looked back toward the stern and saw Lodge waiving his arms to get Kiffe's attention. Upon running back to the stern, Kiffe saw seaman Meshworth pinned against the port stern bit by a fender cable. The cable was cutting deeply behind Meshworth's right ear, pinning his head to the bit. Though his eyes were open and his feet were moving then, by the time the men had extracted Meshworth from his predicament and he had fallen to the deck, they could only detect a weak pulse. When the Coast Guard arrived two hours later, Meshworth was dead.

Kiffe does not claim that he was physically injured himself, nor does he claim that at any time he felt he was himself in danger. He offers proof, however, that he has suffered post-traumatic stress as a result of witnessing the injury and death of his shipmate. He has been hospitalized twice since the accident for a catatonic and dissociative state, and has been treated by three doctors who essentially agree that this condition is genuine.

## ANALYSIS

### Jones Act Claim

■ Until recently, there was little caselaw on the issue of whether a cause of action existed under the Jones Act, or even its land-based analog, the Federal Employer's Liability Act (FELA), for purely emotional injury. The closest the Supreme Court had come to deciding the issue was to elect not to decide it in *Atchison, Topeka & Santa Fe Railway Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987), indicating instead that the issue was too broad and still emerging in law to either recognize or reject the cause of action upon the incompletely developed facts before it. Instead, the Court left the issue to the lower courts, noting that they could draw guidance as they saw fit from the developing state law. 107 S.Ct. at 1417–18. Likewise, the circuit courts had not spoken with one voice, and no case at all had been decided within the Fifth Circuit.

Faced with this shortage of authority, a district court in Louisiana ruled that the cause of action had not been recognized as yet except when such injuries arise from the seaman's physical injuries. *Gaston v. Flowers Transportation,* 675 F.Supp. 1036, 1037 (E.D.La.1987). Further, in looking to Louisiana's bystander law, the trial court found no guidance in resolving the issue in Gaston's favor, because Louisiana recognizes liability to bystanders only when they are within the zone of danger. The plaintiff, Gaston, had presented no evidence that he had felt himself to be in any danger. *Id.* at 1038. The court distinguished a prior Fifth Circuit case, *Hagerty v. L & L Marine Services, Inc.,* 788 F.2d 315 (5th Cir.1986), because the plaintiff in that case had successfully sued on his present mental anguish from fear of future injury to himself caused by becoming drenched with a carcinogenic chemical. The *Gaston* trial court felt that *Hagerty* could not be construed as recognizing a cause of action for purely emotional injuries under the Jones Act.

During the pendency of this case, in which Kiffe and his opponents argued the distinguishability of *Gaston* and alternative guidance from Texas' bystander laws, the Fifth Circuit affirmed *Gaston. Gaston v. Flowers Transportation,* 866 F.2d 816 (5th Cir.1989). The panel agreed with the trial court that there was little if any guiding authority on the issue, making it one of first impression. Reviewing the circuits' conflicting precedents under the FELA and the statute's legislative history, the panel agreed with the trial court's reading of *Hagerty* and firmly pronounced the law of the Fifth Circuit: there is no cause of action under the Jones Act for purely emotional injury stemming from witnessing injury to another. *Id.* at 819–820.

Even without the Fifth Circuit's directive, Kiffe could not prevail. Faced with the same authority as was the *Gaston* trial court, this court would look to that non-controlling precedent and Texas' bystander liability law for guidance. Both mandate summary judgment against Kiffe.

It seems clear that Texas would recognize a cause of action for negligent infliction of emotional distress even absent proof of physical injury to the plaintiff. *St. Elizabeth Hospital v. Garrard,* 730 S.W.2d 649 (Tex.1987). In lieu of the zone of danger rule used by Louisiana, however, Texas has adopted the factors of *Dillon v. Legg,* 68 Cal.2d 728, 740, 441 P.2d 912, 920, 69 Cal.Rptr. 72, 80 (1968), to determine when a bystander is a foreseeable plaintiff in an incident resulting in injury to another but having no physical impact upon the bystander. *Freeman v. City of Pasadena,* 744 S.W.2d 923 (Tex.1988). To have a cause of action, a plaintiff must

1) have been located near the scene of the accident (rather than remote from it),

2) experienced shock from a direct emotional impact from the sensory and contemporaneous observation of the accident (instead of learning of it from someone else later), and

3) be closely related to the victim (not distantly related or unrelated).

*Id.* at 923–24. Though Texas does not seem to require a blood relationship to satisfy the third prong of the *Dillon* test, *Id.* at 924–25 (Ray, J., concurring), the relationship must be more than simply that of a close friend. *Id.* at 924. *Hinojosa v. South Texas Drilling & Exploration, Inc.,* 727 S.W.2d 320 (Tex.Ct.App.1987). At best, Kiffe can only claim close association with Meshworth by virtue of having served with him in close proximity aboard ship. This court believes that such a relationship would not suffice under Texas law, and it would not suffice under the Jones Act, even if *Gaston* were distinguishable on its facts.

**General Maritime Law**

 Though Kiffe emphasizes his Jones Act claim, he presents an unseaworthiness claim as well. However, again, Fifth Circuit precedent precludes recovery. In *Sosa v. M/V Lago Izabal,* 736 F.2d 1028 (5th Cir.1984), the Court of Appeals limited recovery for unseaworthiness claims to past and prospective loss of earnings, medical expenses, *physical* injuries and pain and suffering. *Id.* at 1034. This list does not include purely emotional injuries triggered by witnessing this concededly terrible injury to a shipmate. Whereas Gaston's bruised elbow fell short of the required physical injury for this action, Kiffe calls this court's attention to *no* physical injury upon which mental anguish could be founded. Consequently, Kiffe cannot recover under the unseaworthiness theory.

### CONCLUSION

This court finds that there are no genuine issues of material fact remaining. Summary judgment in favor of all defendants is hereby GRANTED.

SO ORDERED.