11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Dee and
Judy Wilson

Appellants

Vs.                   No. 11-03-00084-CV -- Appeal
from Taylor County

K.W.G., Inc. d/b/a Cactus Moon and Cactus Moon, Inc.

Appellees

 

Dee and Judy Wilson sued K.W.G., Inc. d/b/a Cactus
Moon and Cactus Moon, Inc. under the Texas Dram Shop Act, TEX. ALCO. BEV. CODE ANN. '' 2.01-2.03 (Vernon 1995 &
Supp. 2004), after she was assaulted by an intoxicated patron of the Cactus
Moon.  The jury awarded $19,800 in
actual damages to Judy Wilson, found that Dee Wilson was not entitled to any
damages for mental anguish, and awarded exemplary damages to Judy Wilson in the
amount of $250,000.  Cactus Moon filed a
motion for judgment notwithstanding the verdict, which the trial court granted
in part.  Consequently, the trial court
disregarded the award of exemplary damages and rendered judgment that Dee
Wilson take nothing and that Judy Wilson be awarded damages of $19,800.  We affirm. 


Appellants present two issues for appellate
review.  In the first issue, they argue
that the trial court erred in disregarding the jury=s
findings on exemplary damages because exemplary damages are recoverable in a
dram shop action and because the award was supported by the evidence of
malice.  In their supplemental brief,
appellants additionally assert that exemplary damages were not barred by TEX.
CIV. PRAC. & REM. CODE ANN. '
41.005 (Vernon 1997) and that Cactus Moon waived this issue by failing to plead
or timely raise it in the trial court. 
In their second issue, appellants argue that the trial court erred by
not granting their motion for new trial because the jury=s
failure to award mental anguish damages to Dee Wilson was against the great
weight and preponderance of the evidence. 


                                                 Judgment
Notwithstanding the Verdict

A trial court may grant a motion for judgment
notwithstanding the verdict if a directed verdict would have been proper.  TEX.R.CIV.P. 301; Fort
Bend County Drainage District v. Sbrusch, 818 S.W.2d
392, 394 (Tex.1991).  Because the
trial court did not state its reason for granting the judgment notwithstanding
the verdict, appellants have the burden of showing that the judgment
cannot be sustained on any of the grounds stated in Cactus Moon=s motion.  See Fort Bend County Drainage District v. Sbrusch, supra. 
In its motion, Cactus Moon requested a judgment notwithstanding the
verdict on the following grounds:  that
the jury=s
findings were not supported by the evidence; that, as a matter of law,
appellants were not entitled to punitive damages under the Dram Shop Act; that,
as a matter of law, Section 41.005 barred the recovery of exemplary damages
because Judy=s
injuries resulted from an assault committed by a third party; and that the
exemplary damage award was excessive.  








Section 41.005(a) provides as follows: AIn an action arising from harm
resulting from an assault, theft, or other criminal act, a court may not award
exemplary damages against a defendant because of the criminal act of another.@[1]  We can find only one case addressing Section
41.005 as added to the Code in 1995.  In
that case, Healthcare Centers of Texas, Inc. v. Rigby, 97 S.W.3d 610 (Tex.App. - Houston [14th Dist.] 2002, pet=n den=d),
the court of appeals applied the statute to bar the award of punitive damages
against a healthcare facility for the criminal conduct of one of its resident
patients, Morris Jones.  Jones attempted
to sexually assault another patient at the nursing home.  Doctors and others employed by the healthcare
facility were aware of Jones=s
aberrant sexual proclivities and thought that he was a threat to others, but
nonetheless admitted Jones to the nursing home and failed to supervise him
closely.  The jury found that the
healthcare facility was negligent and awarded a substantial amount of actual
damages and punitive damages to the victim and her daughter.  Even though the healthcare facility had been
negligent, the court of appeals struck the punitive damage award and held that
Section 41.005 prohibited the plaintiffs from recovering punitive damages
against the healthcare facility because the plaintiffs=
harm was caused by the criminal conduct of Jones.  Healthcare Centers of Texas, Inc. v. Rigby,
supra at 617-20.  

We agree with the decision of the court in Rigby,
and we find the reasoning in that case applicable here.  Appellants, like the plaintiffs in Rigby,
judicially admitted in their live pleadings that the criminal conduct of
another caused their injuries.  See
Healthcare Centers of Texas, Inc. v. Rigby, supra at 618.  In their fourth amended petition, appellants
specifically alleged:  

[T]hat
on or about March 18, 1997, they were patrons in the Cactus Moon night club
owned by Defendants...when suddenly and without warning or provocation, an
obviously intoxicated patron of the club, Barbara Jean Enos,
physically attacked and assaulted Plaintiff JUDY WILSON in the presence of
her husband, Plaintiff DEE WILSON, which physical attack and assault
resulted in JUDY WILSON sustaining severe, disabling, disfiguring and painful
personal injuries and resulting medical care and attention.  (Emphasis added)

 








The essence of this case, which was filed as a dram shop action
against Cactus Moon, is to hold Cactus Moon liable for injuries caused when a
clearly intoxicated patron of Cactus Moon assaulted Judy Wilson.  Although Cactus Moon may be liable for actual
damages under the Dram Shop Act,[2]
Cactus Moon is not liable for exemplary damages.  The award of exemplary damages is barred by
Section 41.005.  

Furthermore, we hold that Cactus Moon timely
raised the issue involving Section 41.005. 
Although Cactus Moon did not assert its reliance on Section 41.005 until
it filed a motion for judgment notwithstanding the verdict, Cactus Moon did not
waive that assertion.  See Holland v.
Wal-Mart Stores, Inc., 1 S.W.3d 91, 93-95 (Tex.1999); Wal-Mart Stores,
Inc. v. McKenzie, 997 S.W.2d 278 (Tex.1999).  In these cases, the supreme court held that
the assertion of whether certain damages, such as attorney=s fees and exemplary damages, were
recoverable under the relevant statute or were barred by statute may be raised
for the first time in a motion for judgment notwithstanding the verdict or in a
response to a motion for judgment on the verdict.  See Holland v. Wal-Mart
Stores, Inc., supra; Wal-Mart Stores, Inc. v. McKenzie, supra.  Following the logic of the supreme
court in those cases, we hold that Cactus Moon timely raised the issue
that Section 41.005 barred the recovery of exemplary damages as a matter of
law.

We hold that the granting of a judgment
notwithstanding the verdict was proper because, as a matter of law, exemplary
damages were not recoverable under Section 41.005.  Consequently, we need not address the
remaining grounds upon which Cactus Moon relied[3]
or Cactus Moon=s
conditional cross-points.  TEX.R.APP.P. 47.1.  Appellants=
first issue is overruled.  

                                                           Mental
Anguish Damages








In their second issue, appellants contend that the
jury=s failure
to find that Dee Wilson suffered mental anguish damages was against the great
weight and preponderance of the evidence. 
In order to address this issue, we must consider all of the evidence and
determine whether the evidence in support of the jury=s
zero-damage finding is so weak as to be clearly wrong and unjust or whether the
finding is so against the great weight and preponderance of the evidence as to
be clearly wrong and manifestly unjust.  Dow Chemical Company v. Francis, 46 S.W.3d 237, 242
(Tex.2001); Cain v. Bain, 709 S.W.2d 175, 176 (Tex.1986); Pool v.
Ford Motor Company, 715 S.W.2d 629 (Tex.1986); Landon v. S & H
Marketing Group, Inc., 82 S.W.3d 666, 675 (Tex.App.
- Eastland 2002, no pet=n).  

Dee Wilson testified that he was sitting beside
Judy Wilson when the assault occurred. 
According to Dee=s
testimony, when he and Judy returned to their seats after dancing, Enos was leaning up against Judy=s
chair.  Judy tapped Enos
on the shoulder and told her that that was her chair.  Enos turned,
staggered, and glared at Judy.  Enos moved over, and the Wilsons
sat down.  Enos
then moved some beer bottles over in front of Judy, and Judy pushed the bottles
back and said: ASugar,
why don=t you
just let these bottles sit right here in the middle and they won=t be bothering either one of us.@ 
Enos then Ashoved@ the bottles back again and said:  ANo,
that=s where
they=re going
to stay.@  Dee leaned over to Judy and told her to be
careful because Enos was acting rather Astrange.@  Then, suddenly, Enos
struck Judy in the face.  Dee testified
that, although he did not see Enos punch Judy, he Afelt the force@
because he was sitting right next to Judy. 
Immediately thereafter, he saw Judy in pain and saw a lot of blood.  Dee also testified to his close relationship
with Judy and the lasting effect that the assault had on Judy.  

Damages for mental anguish may be awarded to a
bystander if he witnesses Aa
close relative suffer a traumatic injury because of a defendant=s negligent action.@ 
Edinburg Hospital Authority v. Treviño, 941 S.W.2d 76, 80 (Tex.1997).  To recover as a bystander, a plaintiff is
required to establish that he was located near the scene of the accident, that
he suffered shock as a result of a direct emotional impact from a sensory and
contemporaneous observance of the accident, and that he and the victim were
closely related.  Edinburg Hospital
Authority v. Treviño, supra; Freeman v.
City of Pasadena, 744 S.W.2d 923, 923-24 (Tex.1988).  Keeping in mind that the jury is the sole
judge of the weight and credibility of the witnesses=
testimony,[4]
we hold that, under the circumstances in this case, the jury=s finding that Dee Wilson suffered no
mental anguish damages was not so against the great weight and preponderance of
the evidence as to be clearly wrong and manifestly unjust.  The second issue is overruled.  

The judgment of the trial court is affirmed.  

 

W. G. ARNOT, III

CHIEF JUSTICE 

 

August 31, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











[1]We note that Section 41.005(b) provides as
follows:  

   

The exemption provided by Subsection (a) does not apply
if:

 

(1) the criminal act was committed by an employee of
the defendant;

 

(2) the defendant is criminally responsible as a party
to the criminal act under the provisions of Chapter 7, Penal Code;

 

(3) the criminal act occurred at a location where, at
the time of the criminal act, the defendant was maintaining a common nuisance
under the provisions of Chapter 125, Civil Practice and Remedies Code, and had
not made reasonable attempts to abate the nuisance;  or

 

(4) the criminal act resulted
from the defendant's intentional or knowing violation of a statutory duty under
Subchapter D, Chapter 92, Property Code, and the criminal act occurred after
the statutory deadline for compliance with that duty.  (Footnote omitted)

 

The exceptions noted in Section 41.005(b) are not
applicable to this case. 





[2]Section 2.02(b) of the Dram Shop Act provides:  

 

Providing, selling, or serving an alcoholic beverage
may be made the basis of a statutory cause of action under this chapter and may
be made the basis of a revocation proceeding under Section 6.01(b) of this code
upon proof that:

 

(1) at the time the provision occurred it was apparent
to the provider that the individual being sold, served, or provided with an
alcoholic beverage was obviously intoxicated to the extent that he presented a
clear danger to himself and others;  and

 

(2) the intoxication of the recipient of the
alcoholic beverage was a proximate cause of the damages suffered. 





[3]We note, however, that the Fort Worth Court of Appeals
has addressed the issue of whether exemplary damages were recoverable under the
Dram Shop Act and, after an extensive analysis, held in the negative,
concluding that the legislature did not intend for punitive damages to be recoverable
under the Dram Shop Act.  Steak & Ale of Texas, Inc. v. Borneman,
62 S.W.3d 898 (Tex.App. - Fort Worth 2001, no pet=n).  





[4]See Golden Eagle Archery, Inc. v.
Jackson, 116 S.W.3d 757, 761
(Tex.2003).